*59
 
 *Foot, J.
 

 — In this case, the terms of the inquiry respecting buildings within ten rods, are identical with those in the cases of
 
 Burritt
 
 v.
 
 Saratoga County Mutual Fire Insurance Co.
 
 (5 Hill 188) and
 
 Jennings
 
 v.
 
 Chenango County Mutual Insurance Co.
 
 (2 Denio 75), and the answer is deficient in the same particulars. The decisions in those cases are, consequently, direct authorities for this. They were reviewed at length by Jones, J., in delivering the opinion of this court, in the case of
 
 Gates
 
 v.
 
 Madison County Mutual Insurance Co.
 
 (2 N. Y. 48, 51), approved of, and the distinction clearly pointed out between them and the case then under consideration. The subject is exhausted in the opinion of that learned judge, and I need only say, that my opinion on this branch of the case is placed on the ground, that the respondent, in his application, concealed a fact which the appellants had a right to know, viz., the number and situation of other buildings, within ten rods of the building containing the goods insured; and for that reason, the policy was invalid, it being a part of the contract between the parties, that any
 
 “
 
 concealment in the application ” should render the insurance void.
 

 There is another and important branch of this case on which a serious question arises, and that is, whether there is any difference between real and personal property in applying the principle above stated. This question acquires seriousness from the decision of the supreme court in the case of
 
 Trench
 
 v.
 
 Chenango County Mutual Insurance Co. (7
 
 Hill 122), where the supreme court have recognised and adopted such distinction. The contract between the insurer and assured is not set forth fully in that case; parts of it, however, are presented, and, probably, it was substantially like the contract in the present case. But whether so or not, the agreement between the parties now before the court is fully set forth, and *the sole inquiry is, did they ^ ^ intend that the provisions of the policy, relative ^
 
 *60
 
 to other buildings within ten rods, should not apply to their contract. I say,
 
 provisions of the policy,
 
 for by its terms, the act of incorporation and the by-laws of the appellants are a part of it; and by the 12th section of the by-laws, and one of the conditions, the application is an essential part, indeed, the very basis, of the agreement.
 

 By the 11th section of the by-laws, the appellants engage to insure goods, at the same rates with the buildings in which they are contained; hence, the character and situation of the building is the prominent consideration in every contract of insurance, and is just as important, when the policy covers personal property in a building, as when it covers the building itself. The building, consequently, is the main object presented in all the preliminary propositions, but no distinction is anywhere indicated in respect to the character and situation of the building, between insurance on personal and real property.
 

 From an examination of the contract, in general, I am satisfied, that the parties have made no such distinction. But when the application itself is examined, and it is there found, that the respondent, having in contemplation an insurance on his personal property, recognised the materiality of the inquiry concerning the situation of the building in reference to others within ten rods, undertook to answer, and did answer it, in part, and the appellants received the application, with this answer, referred to and adopted it in their policy, every doubt is removed, in respect to the true construction of this contract; and if the contract in the case of
 
 Trench
 
 v.
 
 Chenango County Mutual Insurance Co.
 
 was like this, I am constrained to say, that, in my opinion, the supreme court erred in their construction of it.
 
 [1]
 

 Judgment reversed.
 

 [1]
 

 In Smith v. Empire Insurance Co., 25 Barb. 497, Balcom, J., said, that Trench v. Chenango County Mutual Insurance Co. had been shaken too
 
 *61
 
 much by the court of appeals, in Wilson
 
 v.
 
 Herkimer County Mutual Insurance Co., to be followed, as an authority. Nevertheless, the supreme court, in the case of Merrill
 
 v.
 
 Agricultural Insurance Co., 10 Hun 428, followed that case, and held, that it was by no means clear, that the court of appeals intended to overrule it; referring to the unreported case of Heacock
 
 v.
 
 Saratoga County Mutual Insurance Co., decided by the court of appeals, in March term 1856. The question is, therefore, as yet, an unsettled one, in this state. See also, Burrill
 
 v.
 
 Chenango County Mutual Insurance Co., Edm. S. C. 233.