CHAFFEE *et al.* *v.* CATTARAUGUS COUNTY MUTUAL INSU-
RANCE COMPANY.

The application for insurance against fire, forming a part of the policy, was in
the form of answers to printed interrogatories furnished by the insurers.
One of them asked the "relative situation [of the property to be insured]
as to other buildings; distance to each within ten rods," and the printed
form concluded with the statement: "All of the exposures within ten
rods are mentioned:" *Held*, that the application constituted a warranty
that no other building than those named therein existed within ten rods.
The insurer reserved the right to determine whether a building within that dis-
tance constituted an exposure; and it was error to refer that question, in
respect to a building omitted in the application, as one of fact, to the jury.

APPEAL from the Supreme Court. The action was on a
policy of insurance, issued by the defendants to the plain-
tiffs. The subject of insurance was described in the body
of the policy as follows :

"On their store in the village of Gowanda, ....... $600
"On their goods, wares and merchandise therein,.. 1,400
                                                    ──────
                                                    "$2,000
"Reference being had *to the application* of the said Amasa
S. and others for a more particular description, and *forming
a part of this policy.*"

The application was signed by the insured. It was a
printed form, filled up by the agent of the company, who
assumed to be surveyor. In the margin were a series of
printed interrogatories. The fifth interrogatory was as
follows:

"5. Relative situation as to other buildings; distance
from each within ten rods; for what purpose occupied?"

Opposite to these questions were written answers as follows

"In the middle of a block of three stores; one clothing
store; one grocery; one hardware and stove store; one tin

shop; Mansion House across the street, about six rods; cabinet shop, three rods; harness shop, five rods; grocery and dwelling-house, six rods; wagon shop and blacksmith shop, about eight rods; two small houses, from four to eight rods; new building, to be used for tin shop, about three rods; one store-house and one barn, about four rods."

At the bottom, printed in larger type, and just above the signature was:

"All of the exposures within ten rods are mentioned."

It was signed,

"A. L. CHAFFEE & SONS, *Applicants.*
"GEORGE IDE, *Surveyor.*"

Upon the trial, before Mr. Justice DAVIS, at the Cattaraugus circuit, the plaintiffs proved that Ide was the agent and surveyor of the company, whose duty it was to solicit insurances, sign applications, and forward them to the office of the company, receive the policies and deliver them to the applicants, fix amount of insurance and take the premium notes, &c.; that it was his business to survey the property and premises to be insured, take measurements of all the buildings contiguous and within ten rods, and ascertain their relative situation, and usually drew the applications in accordance with such surveys; that in this case he made the survey and all the measurements, and filled up the application, and informed the applicants that it was correct, and that relying upon his survey and statements as correct they signed the application.

The defendant proved that at the time of the application, and of the fire, the building called the Mansion House was only seventy-two feet from the insured buildings, and that there were, within ten rods, measuring to the nearest point, Orr's grocery, Parker's two stores, Webster's leather store, Palmer's shop, Barker's Hotel, or the Lodi House, Hooper's store and dwelling-house, Brown's store and dwelling, Orr's barn, and the Mansion House woodshed, and Brown's store.

The court charged the jury that the answer to the fifth interrogatory in the application was not a warranty that there was no other building within ten rods of the insured buildings than those named; to which defendant's counsel excepted. That a building within ten rods was not necessarily an exposure; that whether it was or not was a question of fact for the jury: to which defendant's counsel also excepted.

The defendant requested the court to charge the jury that a wooden building situated within ten rods of the insured building was an exposure. The court refused so to charge, and the defendant excepted. The plaintiffs had a verdict and judgment, which having been affirmed at general term in the eighth district, the defendant appealed to this court. The cause was submitted on printed arguments.

*A. G. Rice,* for the appellant.

*C. C. Torrance,* for the respondents.

PRATT, J. The application of the insured, in this case, was, by the express terms of the policy, to enter into and form part of it. Its provisions, therefore, must be deemed part of the policy itself, so far as any question may arise out of them. (*Murdock* v. *Chenango Mutual Insurance Company,* 2 *Comst.,* 210; *Egan* v. *Mutual Insurance Company of Albany,* 5 *Denio,* 326; *Jennings* v. *Chenango Mutual Insurance Company,* 2 *id.,* 75; *Burritt* v. *Saratoga County Mutual Fire Insurance Company,* 5 *Hill,* 188.) Any statement contained in it, therefore, constitutes a warranty. (3 *Seld.,* 370; 2 *Comst.,* 221.) And a warranty in relation to the situation of the property is a condition precedent, and, unless substantially true, the policy will be void. (2 *Comst.,* 221; 16 *Wend.,* 481, *and cases cited supra.*)

The main question, then, in this case, is, whether the answer to the fifth interrogatory, by a fair interpretation of

the question and answer, taken together with the clause at the bottom, that "all exposures within ten rods are mentioned," asserts that no buildings other than those mentioned are situated within ten rods of the insured building. The question calls for the "relative situation as to other buildings, distance from each within ten rods, and for what purpose occupied," &c. The answer is, "In the middle of a block of three stores; one clothing store; one grocery; one hardware and stove store; one tin shop; Mansion House across the street, about six rods; cabinet shop, three rods; harness shop, five rods; grocery and dwelling-house, five rods; wagon shop and blacksmith shop, about eight rods; two small barns from four to eight rods; new building to be used for tin shop, about three rods; one store-house and one barn about four rods." In addition there is placed at the bottom the clause, "*all exposures within ten rods are mentioned.*"

The question manifestly calls for all the buildings within ten rods and their several distances from the building proposed for insurance. And the answer names several buildings and gives their distances. Giving the language a fair natural construction, it seems to me plain that it asserts that the buildings named are all the buildings within ten rods. And such has been the uniform construction given by the courts to similar language in other cases. (5 *Hill*, 188; 2 *Denio*, 76; 2 *Seld.*, 53; 3 *id.*, 370; 7 *Hill*, 122.)

The language is very different from that used in the case of *Yates* v. *Madison County Mutual Insurance Company* (2 *Comst.*, 43). In that case the inquiry was, how bounded and distance from other buildings, if within ten rods, and the answer was, "the nearest building on the east is the dwelling-house occupied," &c., "which is about forty-eight feet," &c., and in a similar manner giving the distance of the nearest building in each direction from the insured building. It will be observed that the inquiry in that case was ambiguous, admitting of the interpretation that only the nearest buildings

those forming the boundary, if within ten rods, were called for. And the answer clearly showed that it was in that sense that the applicant understood it. The court held that it being thus manifest to the company, when the application was presented, that the applicant understood it in that sense, if they were not satisfied with the answer they should have required it to be made more definite. And that as it was plain that the applicant did not mean to assert the buildings named to be all the buildings within ten rods, there was, of course, no warranty to that effect. In the case at bar the question manifestly calls for all the buildings, and the answer, by a fair implication, purports to give them all.

It is claimed upon the part of the plaintiffs, that the clause, "all the exposures within ten rods are mentioned," should be deemed to modify the language of the answer, so as to make it merely an assertion that all the buildings within ten rods which were exposures, that increased the risk, were mentioned. I agree with the counsel that this clause should be deemed a part of the answer, but I do not agree that it aids the construction which the plaintiffs seek to give to the answer. The question does not, as I understand it, call for every structure which could possibly be called a building, but for all those buildings which, if near enough, would expose other buildings to fire or be the means of communicating fire to other buildings. And exposures mean in this connection precisely the same thing. It was not the design of the company to leave it to the applicant to decide the question in regard to what buildings, within ten rods, added to the risk and what did not; requiring a statement of the former only. If that had been the purpose of the inquiry, there would have been no reason for limiting it to those within ten rods. The question assumes that buildings beyond ten rods would not materially affect the risk, that within that distance they might affect it. The inquiry was, therefore, for all the buildings which, in their nature or character, would expose other buildings in their neighbor-

hood, reserving to the company to pass upon the extent—or whether at all—the risk would be increased by them, and to fix the rate of insurance accordingly. The term " exposure " refers rather to the character than to the location of the buildings. Now it is manifest that the buildings mentioned in the case as being within ten rods and not contained in the answer, were of a character deemed exposures in the ordinary use of the term. And, to render it more certain, the judge was asked to charge that a wooden building, situated within ten rods, was an exposure within the meaning of the term as used in the application, which he refused.

Besides, the case was not tried upon any theory that the buildings were not exposures. No evidence was given nor question made during the trial, upon the point whether they did or did not expose the insured buildings to fire. The charge of the court, therefore, was entirely outside of the case, as it had been tried upon both sides. But if it were not, the clause, instead of modifying what would otherwise be the natural construction of the answer, renders it still more clear that all the buildings within ten rods were designed to be stated. Suppose the answer had, after the statement of the various buildings and their several distances, continued, " and these are all the exposures within ten rods," could there be any doubt that the terms, " buildings " and " exposures," if thus used, would mean the same thing. I think, therefore, that this part of the charge was erroneous.

The judgment of the Supreme Court must be reversed and a new trial granted.

DENIO, J. It is not seriously questioned but that the defendants' evidence would have made out a defence but for the concluding sentence of the application. The cases of *Burritt* v. *The Saratoga County Mutual Insurance Company* 5 *Hill*, 188), *Jennings* v, *The Chenango Company* (2 *Denio*, 75), and *Wilson* v *The Herkimer Company* (2 *Seld.*, 53)

seem to be entirely conclusive against the plaintiff, unless the clause referred to changes the meaning of the application in such a manner as to render them inapplicable. The ques tion, then, is upon the interpretation to be given to the words "all of the exposures within ten rods are mentioned," in the connection in which they stand in the application. The con- struction which was put upon them at the circuit was, that they qualified the inquiry contained in the blank form so as to limit it to a statement of only such of the buildings within ten rods of the insured premises as, from their structure or use, or other circumstances, exposed the insured property to injury from fire. The sentence, no doubt, has reference to the inquiry, and is to be construed in connection with it; but, in my opinion, it qualifies it in a sense entirely diffe- rent from the one supposed by the judge, and in a way much less favorable to the plaintiff. The form of the appli- cation, without the additional sentence, might possibly be understood as calling only for the nearest of the buildings within ten rods. The buildings in the closest proximity to the one insured would, of course, be those from which danger would be most readily apprehended, and parties applying for insurance might not unreasonably suppose, that if the distances between these and the insured premises were stated, and the manner of their occupation described, the inquiry would be substantially answered, though the buildings standing behind these and more remote from the subject of insurance, were not mentioned. Several of the reported cases show that such an understanding has pre- vailed to some extent among insured parties, while the insurance companies have contended for a more strict and literal, and—as the cases show—the true interpretation of the inquiry. It was for the purpose of putting an end to this misunderstanding, and to avoid all questions as to the scope of the inquiry, that this company required the insured to mention all the exposures within ten rods, and not merely the most proximate of them. Taking the inquiry and the

added clause together, it will be seen that all the buildings within ten rods are treated as causes of exposure to the insured building. Upon the construction which prevailed at the trial, it would be left to the assured to judge, in the first instance, whether a particular building within ten rods affected the hazard or not; and if some buildings existed within that distance it would always be a question for the jury to pass upon, whether under all the circumstances, any of them were of. such a character as to expose the insured property to hazard. The interpretation adopted by the judge would change the inquiry in the application into one by which the insured should be requested to state the distance between the insured building and all such other buildings within ten rods as might expose the insured property to injury from fire, and how the former were occupied; thus leaving it to the applicant to judge what buildings within the specified distance it was proper to mention. But the object of the application was to enable the company to judge for itself what the degree of hazard was which attached to the property offered for insurance, that it might accept or reject the risk, and determine upon the premium to be paid in case it concluded to take the risk. To that end the company required the applicant to state the distances and mode of occupation of all buildings within ten rods of his building. In short, I consider the clause under consideration to be intended as an assertion by the assured that he had, in his answer to the inquiry, described all the buildings within the specified distance.

Another construction has occurred to me as plausible, but it is equally fatal to the plaintiffs. It is to consider the word "exposures" as something different from buildings There are businesses which are carried on out of doors, such as burning lime and brick, making charcoal, boiling in an uncovered arch and the like, which would expose the neighboring buildings to hazard from fire. The primary clause of the application being confined to a statement of all the

buildings within the distance mentioned, the company might reasonably enough require the statement of any other things within that distance which might operate as a cause of exposure to the building insured. Again, it may be that the clause was added for the double purpose of including all fixtures which might expose the property offered for insurance, situated within the distance specified, and which would not come within the description of buildings, and at the same time render more certain and unambiguous what might otherwise be considered equivocal in the inquiry about buildings. But I am of opinion that the first interpretation which I have suggested is the most reasonable, and I therefore consider it the best one. I am persuaded that the one which was applied on the trial was erroneous.

The defence which was interposed was, under the circumstances attending the making of the application, most unconscientious, and I should have been willing to find some satisfactory answer to it; but it is of paramount importance that parties should be held to perform contracts as they have made them, and in no other manner. The frequent occurrence of defences of this character have led me to think that it might be well for the legislature to enact that contracts of insurance should be contained in a single instrument, and to prescribe such plain and unambiguous provisions, gathered from the policies in use, as would enable persons desirous of insuring their property readily to see what stipulations they were called upon to assent to.

If the foregoing views prevail with my brethren, the judgment of the Supreme Court must be reversed and a new trial ordered.

ROOSEVELT, J., dissented; all the other judges concurring,

Judgment reversed and new trial ordered.