Charlotte M. Smith, Respondent, *v.* The Agricultural Insurance Company, Appellant.

A policy of fire insurance, upon a barn and contents, contained a condition that in case of any incumbrances upon the property they must be represented to the company in the application, otherwise the policy would be void ; it also provided that all statements contained in the application should be warranties on the part of the assured. The application which was made by the authorized agent of the insured, contained a question as to the amount of incumbrances. The answer was " $1,000." It appeared that the premises, upon which were the buildings insured, were at the of the application incumbered by mortgages to the amount of over $5,000. Said agent testified that the application was not read to him, and he did not read it ; that defendant's agent, who filled it out, asked him if the premises were incumbered $1,000 and he answered that there was over $2,000 incumbrances on them. Defendant's agent testified that the agent of the insured stated the premises were incumbered for $1,000 and he so wrote his answer in the application. The court instructed the jury that if they believed the testimony of defendant's agent, plaintiff could not recover, but if he was told that the incumbrance was over $2,000 the discrepancy between such statement and the amount of the incumbrances was not a defense to the action. *Held,* error ; that the discrepancy amounted to a material misrepresentation.

Plaintiff claimed that the 'contract of insurance was severable, and a misstatement in respect to the amount the realty was incumbered did not invalidate the insurance on the personalty. *Held,* untenable.

(Argued January 22, 1890 ; decided February 25, 1890.)

APPEAL from judgment of the General Term of the Supreme Court in the fifth judicial department, entered upon an order made the first Tuesday of January, 1887, which affirmed a judgment in favor of plaintiff entered upon a verdict, and affirmed an order denying a motion for a new trial.

Since September 3, 1877, Elton M. Smith has owned a farm of fifty acres in the town of Galen, in this state, upon which there is a farm-house and out-buildings. The defendant insured one of the barns for $600, and its contents for $500, against any damage, not exceeding the sums specified, that should be caused by fire between October 6, 1881, and October 6, 1884.

On the first day of April, 1882, the barn and its contents were destroyed by fire, and this action was brought on the policy by the assignee of the insured, to recover the damages which are alleged to be $600 by the loss of the barn, and $359.15 by the loss of the contents; total, $959.15. The jury found for the plaintiff on the issues submitted, and assessed the damages at the amount claimed, and added $129.85 for interest, making the total amount of the verdict $1,089.

Further facts appear in the opinion.

*A. H. Sawyer* for appellant. The motion for a non-suit at the close of the plaintiff's case, and upon the close of the proofs, should have been granted upon the ground that at the time of the issuing and delivery of the policy of insurance by the defendant to Elton M. Smith, his interest in the property insured was not the entire, unconditional and sole ownership of the same for the use and benefit of the assured. (*Lasher* v. *S. J. F. & M. Ins. Co.*, 86 N. Y. 423; 18 Hun, 98; *Rohrback* v. *G. Ins. Co.*, 62 N. Y. 47.) The motion for non-suit should have been granted upon the ground that the premium not having been paid before the fire, the policy had ceased to be operative. (*Wall* v. *H. Ins. Co.*, 36 N. Y. 157; *Klein* v. *Ins. Co.*, 104 U. S. 88; *Thompson* v. *Ins. Co.*, Id. 252; *Wheeler* v. *C. L. Ins. Co.*, 82 N. Y. 543, 550; *Roehner* v. *K. Ins. Co.*, 63 id. 160; *Clausen* v. *Russell*,

18 Wkly. Dig. 10; *Att'y Gen'l* v. *Ins. Co.*, 82 N. Y. 173, 190; *Holly* v. *M. Ins. Co.*, 105 id. 437, 444; May on Ins. § 341; *Baker* v. *U. M. L. Ins. Co.*, 43 N. Y. 283, 287; *Howe* v. *U. M. L. Ins. Co.*, 80 id. 32; *Cohen* v. *C. F. Ins. Co.*, 67 Tex. 325.) Weed, the solicitor or agent of the company, was authorized only to receive applications for insurance and collect and transmit the premiums, and had no authority to issue policies or to extend the time for the payment of the premium beyond the time fixed by the policy. (*Crichett* v. *A. Ins. Co.*, 36 Am. R. 230; 53 Ia. 404; 22 Alb. L. J. 137; *Hutchins* v. *Munger*, 41 N. Y. 158.) The admission of the receipt for the premium upon the policy in suit under defendant's objection and exception was error. (*Robertson* v. *M. L. Ins. Co.*, 88 N. Y. 541, 545; *Bennecke* v. *C. Ins. Co.*, 105 U. S. 355, 359; *Harle* v. *C. B. Ins. Co.*, 71 Ia. 401; 32 N. W. Rep. 396; *Robinson* v. *C. Ins. Co.*, 43 id. 647; *McMartin* v. *C. Ins. Co.* 42 id. 934; *F. C. Ins. Co.* v. *School Directors*, 4 Ill. App. 145; *Garlick* v. *N. V. Ins. Co.*, 44 Ia. 553; 3 L. & E. Rep. 498.) The evidence offered by the plaintiff to show that the witness had procured policies of the defendant prior to the issuing of the policy in suit, through other and different agents of the company, upon which credit was extended to him for the premiums, which were subsequently paid by him during the life of the policy, was incompetent. (*Wood* v. *P. Ins. Co.*, 32 N. Y. 619, 623.) A payment of premium upon an insurance policy made by a third person without the knowledge or consent of the assured, even though made with his money, would not bind him or the company, and if made with his money the amount so wrongfully appropriated could be recovered back by him. *Whiting* v. *M. M. L. Ins. Co.*, 129 Mass. 240.) The policy of insurance was void at the time of the fire by reason of the incumbrances upon the property covered by the policy, and not disclosed to the company or its agent. (*Eagen* v. *M. Ins. Co.*, 5 Denio, 326; *Merrill* v. *A. Ins. Co.*, 73 N. Y. 452, 466; *Gould* v. *H. P. Ins. Co.*, 16 Hun, 538; *Sentell* v. *O. C. F. Ins. Co.*, 16 id. 516; *McNierney* v. *A. Ins. Co.*, 48 id. 239; *Hayward* v. *N. E. F. Ins. Co.*, 10 Cush.

444; *Brown* v. *P. Ins. Co.*, 11 id. 280; *B. Ins. Co.* v. *Winslow*, 8 Gray, 38; *Falis* v. *C. Ins. Co.*, 7 Allen, 46; *Towne* v. *F. Ins. Co.*, 7 id. 51; *Van Buren* v. *S. J. Ins. Co.*, 28 Mich. 398.) The statement in the application upon which the policy of insurance in question was issued, that the property was incumbered $1,000, is a warranty that the property was not incumbered to an amount exceeding $1,000. (*Sentell* v. *O. C. F. Ins. Co.*, 16 Hun, 516; *B. Ins. Co.* v. *Winslow*, 8 Gray, 38; *Falis* v. *C. Ins. Co.*, 7 Allen, 46; *Towne* v. *F. Ins. Co.*, Id. 51; May on Ins. § 156; Angel on Ins. §§ 140, 141; *Ripley* v. *E. Ins. Co.*, 39 N. Y. 136, 163; *Bryce* v. *L. Ins. Co.*, 55 id. 244; *Rohrback* v. *G. Ins. Co.*, 62 id. 62; *Duncan* v. *S. Ins. Co.*, 6 Wend. 488; *Wood* v. *H. F. Ins. Co.*, 13 Conn. 533; *Bennett* v. *A. Ins. Co.*, 50 id. 420; *Barteau* v. *P. Ins. Co.*, 67 N. Y. 595.) Under the condition in the application signed by Smith, that no statement made or information given by the assured prior to the issuing of the policy shall be deemed to be made to the company, unless reduced to writing and incorporated in the application, this evidence of Smith was clearly immaterial and incompetent, and the charge of the court was error. (*Chase* v. *H. Ins. Co.*, 20 N. Y. 52; *Rohrback* v. *G. Ins. Co.*, 62 N. Y. 63; *Alexander* v. *G. Ins. Co.*, 66 id. 467; *Barteau* v. *P. Ins. Co.*, 67 id. 595; *N. Y. L. Ins. Co.* v. *Fletcher*, 117 U. S. 519, 528; *Pollock* v. *Pollock*, 71 N. Y. 137, 140; *Murray* v. *Harway*, 56 id. 346; *Mason* v. *Lord*, 40 id. 477.) The trial court erred in its charge to the jury that if Smith stated at the time he made the application that the incumbrance was over $2,000, then the plaintiff was entitled to recover in this action, so far as that question was concerned. (*Hayward* v. *N. E. Ins. Co.*, 10 Cush. 444; *Brown* v. *People's Ins. Co.*, 11 id. 280; *Sentell* v. *O. F. Ins. Co.*, 16 Hun, 516.) The statement in the application that the amount of incumbrances upon the property was $1,000 is binding and conclusive upon the assured, and the evidence offered and received upon the trial, under the defendant's objection and exception, that any other or different statement in relation to the incumbrances was made, was immaterial and

incompetent, and this judgment must be reversed for the error of the court in admitting such evidence. (*Rohrback* v. *G. Ins. Co.*, 62 N. Y. 47; *Alexander* v. *G. Ins. Co.*, 66 id. 464; *Kabok* v. *P. Ins Co.*, 4 N. Y. Supp. 718; *Grace* v. *A. C. Ins. Co.*, 109 U. S. 278.) Under the condition of the policy rendering the same void, if the property is incumbered without notice to the company, the contract is not severable, and the incumbrances upon the real property not being truly represented to the company rendered the policy void, both as to the real and personal property mentioned therein. (*Merrill* v. *A. Ins. Co.*, 73 N.Y. 452; *McNierney* v. *A. Ins. Co.*, 48 Hun, 239.)

*DeL. Stow* for respondent. The case at bar is one where the assured made a true statement, which was incorrectly or fraudulently reduced to writing by the authorized agent of the company. (*Bennett* v. *A. Ins. Co.*, 106 N. Y. 243–49; *Grattan* v. *M. L. Ins. Co.*, 92 id. 274; *Flynn* v. *E. L. Ins. Co.*, 78 id. 568; *Chase* v. *H. Ins. Co.*, 20 id. 52.) The fraud or mistake being thus established, there can be no question as to the right on the part of the plaintiff to have this portion of the application reformed so as to make it state correctly the answer of the assured, as same was found to have been made to the agent of defendant. (*Grattan* v. *M. L. Ins. Co.*, 80 N. Y. 281–294; *Arthur* v. *H. F. Ins. Co.*, 78 id. 462; *Grattan* v. *M. L. Ins. Co.*, 92 N. Y. 274, 282–286.) The repeated attempts on the part of Weed to collect the premium was a waiver. (*Robinson* v. *P. F. Ins. Co.*, 18 Hun, 395; *Pechner* v. *P. Ins. Co.*, 65 N. Y. 195; *Bowman* v. *A. Ins. Co.*, 59 id. 521.) There is no proof of an incumbrance upon the personal property, or of a warrant of title thereto by the assured. (*Holmes* v. *Drew*, 16 Hun, 491.) The motion for new trial was properly denied, as the appellant did not sufficiently point out the supposed grounds of error. (*Cooke* v. *Leonard*, 17 Wkly. Dig. 575.)

Follett, Ch. J. This action was defended on the ground, among others, that the following conditions in the policy were violated by the insured:

(1) "If the property, either real or personal, or any part thereof, shall be incumbered by mortgage, judgment or otherwise, it must be so represented to the company in the application, otherwise this entire policy and every part thereof shall be void."

(2) "This policy of insurance is based upon a written application on file in the company's office, purporting to be signed by the applicant, or by his authority, and all statements contained therein are warranties on the part of the assured."

The application on which the policy was issued was signed by the duly authorized agent of the insured, and contains this question and answer:

" Q. How much is the real estate incumbered? A. $1,000."

When the policy was issued, and when the loss occurred, there were five mortgages on the fifty acres, the principal sums of which aggregated $4,411.14, with arrears of interest amounting to more than $600, so that the premises were incumbered for upward of $5,000, and in addition, there was a mortgage upon six acres adjoining the fifty acres, of $500, with interest from July 1, 1887.

Since 1880, Elton M. Smith, the insured, has not resided in this state, and Elijah Smith, his father, has occupied the property and acted as the agent of his son in respect to this insurance. Since some time before the date of the policy, Abram Weed has been an agent of the defendant, with powers defined by the following clause in the application: "The powers of the agents of this company are limited to receiving proposals for insurance and collecting premiums, and giving the assent of the company to assignments of policies." The oral negotiations, which resulted in the execution and delivery of the application on which the policy was issued, were conducted by Elijah Smith in behalf of the insured, and Abram Weed in behalf of the defendant. Elijah Smith testified: "Q. What was said (between you and Weed) on the subject of incumbrances? A. He asked if there was a $1,000 incumbrance, and I told him there was over $2,000 incumbrance on it. Q. Did you tell him there was $1,000 incumbrance on it? A.

No sir; the application was not read to me, and I did not read it; that representation that there was only $1,000 incumbrance, was not true; I signed it not knowing that that was there."

Abram Weed testified that Elijah Smith stated that the place was incumbered for $1,000, and that he did not say it was incumbered for over $2,000.

The court instructed the jury that if Elijah Smith stated to Abram Weed that the place was incumbered for $1,000, the plaintiff could not recover. But if Smith told Weed the place was incumbered for over $2,000, that the discrepancy between such statement and the amount of the incumbrances, was not a defense to the action. To this instruction the defendant excepted, and asked the court to instruct the jury that if they found that Smith stated to Weed that the property was incumbered for over $2,000, the plaintiff could not recover, which was refused, and an exception taken. This question was also raised by a motion to non-suit.

The most favorable view which can be taken by the court for the plaintiff, is to consider the case as though the question and answer testified to by Smith had been inserted in the application, instead of the question and answer appearing therein.

Assuming, then, that the conversation between the agents of the contracting parties about incumbrances was precisely as testified to by the insured's agent, there was a material misrepresentation in respect to the amount of the liens. The answer that the place was incumbranced "for over $2,000," to the question: "Is there a $1,000 incumbrance on it?" did not actually or proximately disclose the fact inquired about. The answer, "over $2,000," cannot by any fair construction be held to be notice to the defendant, or its agent, that the place was then incumbered for over $5,000. In *Hayward* v. *N. E. M. F. Ins. Co.* (10 Cush. 444), the question was: "Is the property incumbered; if so, how much? A. About $3,000." The property was incumbered for $4,000. The trial court held that this misstatement did not avoid the policy, but on appeal the judgment was reversed, the court saying:

"It seems to us quite too clear to admit of a doubt that
the answer given by the plaintiff in his application to the
inquiry respecting incumbrances was materially false.   Mak-
ing all due allowances for the loose manner in which such
documents are often prepared, and giving the plaintiff the full
benefit of the word, 'about,' as qualifying and limiting his
answer, it cannot in any view be deemed to be substantially
true.   To hold so wide a deviation from the fact to be imma-
terial, would be to defeat the very purpose which the ques-
tions and answers in the application were intended to accomplish,
and render them but a vain and idle ceremony.   We are,
therefore, of the opinion that the representation, as to the
amount of the incumbrance upon the property, was a material
one which the plaintiff was bound to make substantially true,
and that, having failed to do so, he cannot recover upon his
policy."   In *Brown* v. *People's M. Ins. Co.* (11 Cush. 280),
the application contained the following question and answer:
"Q. State whether or not incumbered, to whom and to what
amount?   A. Mortgaged for about $4,000 to Gen. C. T.
James."   The property was mortgaged to James for $3,600,
and to one Perkins for $1,100.   The answer was held to be a
material misstatement, which avoided the policy.   In *Abbott* v.
*Shawmut M. F. Ins. Co.* (3 Allen, 213), it was stated in the
application that the insured property was mortgaged for
$6,600, but it was, in fact, mortgaged for $6,684.   It was held
that this misstatement avoided the policy.   In *Falis* v. *Conway
M. F. Ins. Co.* (7 Allen, 46), the application contained this
question and answer: "Q. Is it incumbered by mortgage or
otherwise; if so, for what sum?   A. Yes; $1,000 with other
property."   It was in fact mortgaged for $1,400.   This was
held a material misstatement, rendering the policy void.   In
*Jacobs* v. *Eagle M. F. Ins. Co.* (7 Allen, 132), the application con-
tained the following question and answer : " Q. State whether
incumbered, to whom and what amount?   A. There are two
mortgages, $2,700 in all.   First, of $1,150; 2d mortgage
$1,550."   The principal sums of the two mortgages were cor-
rectly stated, but there was $300 accrued interest upon the

.first mortgage. This was held to be a material misrepresenta-tion which avoided the policy. In *Sentell* v. *Oswego Co. F. Ins. Co.* (16 Hun, 516), it was held that mortgaging the insured property for $1,200 instead of for $1,000, as permitted by the contract of insurance, avoided the policy.

It is urged by the respondent that this contract of insurance is severable. That the insurance on the barn should be deemed one contract, the insurance on its contents another contract, and that a misstatement, in respect to the amount for which the realty was incumbered, does not invalidate the insur-ance on the personalty, and that defendant, having asked the court to rule that no part of the loss could be recovered, asked for too much in the instruction prayed for and in its motion for a non-suit, and that the exceptions to these rulings are unavailable. Under forms of policies, quite different from the one in the case at bar, insuring specific amounts on separate items of property, contracts have been held severable. The following cases illustrate the rule. (*Merrill* v. *Agricultural Ins. Co.*, 73 N. Y. 452; *Herrman* v. *Adriatic F. Ins. Co.*, 85 id. 162; *Schuster* v. *Dutchess Co. Ins. Co.*, 102 id. 260; *Holmes* v. *Drew*, 16 ' Hun, 491; *Sunderlin* v. *Ætna Ins. Co.*, 18 id. 522; *Dacey* v. *Agricultural Ins. Co.*, 21 id. 83; *Wood-ward* v. *Republic F. Ins. Co.*, 32 id. 365; *Baldwin* v. *Hart-ford F. Ins. Co.*, 60 N. H. 422.)

It is expressly stipulated, in this policy, that if either the real or personal property, or any part of it, be incumbered, it must be so represented to the company in the application, otherwise the entire policy and every part of it shall be void.

This policy is quite different in its legal effect from those considered in the cases cited, it not being expressly provided in those policies, as in this, that a misrepresentation of the situ-ation of one of the subjects insured should invalidate the insurance on all other property covered by the policy.

Regarding the application amended so as to conform to the testimony produced by the plaintiff, and then construing the application and policy together, as the parties have stipulated that we must, there was a breach by the insured of the terms

of the contract of insurance, which defeats the plaintiff's claim to recover.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except Brown, J., dissenting; and Bradley and Haight, JJ., not sitting.

Judgment reversed.