# Supreme Court Decisions.

### SEVERABLE RISKS IN INSURANCE POLICIES.

GERMANIA FIRE INSURANCE CO. v. SCHILD.

69 Ohio State—Decided, October 27, 1903.

*Insurance Policy—Stipulation "This Entire Policy Shall be Void—Not a Severable Risk, When.*

An insurance policy which contains a stipulation that "this entire policy shall be void" on certain named conditions, is not a severable risk, although the amount of insurance is distributed among different classes or articles of property. *Coleman & Co.* v. *Insurance Co.*, 49 Ohio St., 310, distinguished.

Error to the Circuit Court of Huron County.

The defendant in error sued upon a policy of insurance which contained the following clause:

"This entire policy shall be void if the insured has concealed or misrepresented, in writing, or otherwise, any material fact or circumstance concerning this insurance or the subject thereof; or if the interest of the insured in the property be not truly stated herein; or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss."

The policy was for the sum of $625, and was distributed as follows: $200 on office furniture and fixtures of every description, useful and ornamental, including carpets, rugs, desks, chairs, tables, library case, medicine cases; $250 on surgical instruments and medicines of all kinds, used in the business of the insured; $75 on surgical operating chair; and $100 on medical library, all while contained in the two and one-half story,

shingle roof, frame building, situate on No. 71 Brownell street, Cleveland, Ohio.

On the trial it appeared that the surgical operating chair had been bought by the plaintiff on a conditional purchase, the title remaining in the vendor until the chair was fully paid for; and it further appeared that the chair had not been fully paid for when the policy was issued; and, therefore, that the interest of the plaintiff in the property insured was not truly stated in the policy.

The court charged the jury as follows:

"The first and second of these defenses relate to the ownership of the property insured. It is said that it is one of the conditions of the policy that if the interest of the plaintiff was not truly stated, or if he was not the sole and unconditional owner of the property insured, or if the property was encumbered by chattel mortgage, then the policy is void. I say to you that in such case the policy would be rendered void in part, but not necessarily in its entirety; that is to say, it would be void and plaintiff would have no right of action upon it as to any item or items of the property insured to which either of these misstatements or defective statements applied; but the policy in other respects and as to the other property insured, would remain in force.

"This defense is particularly applicable to the so-called surgical chair mentioned in the policy. Under the undisputed evidence in the case the plaintiff is not entitled to a verdict for any loss sustained by the destruction of said chair or damage to it."

And the court refused to instruct the jury to the effect that if they should find from the evidence that at the time of securing the policy of insurance the plaintiff was not the sole and unconditional owner of the surgical chair, and that he fraudulently concealed this fact from the insurance company, then this was such a concealment and misrepresentation as would avoid the whole policy, and the plaintiff could not recover. Verdict was rendered for the plaintiff in the sum of $430. A motion for a new trial was overruled, and a bill of exceptions taken and petition in error filed in the circuit court, which court affirmed the judgment of the court of common pleas.

*C. W. Fuller* and *Andrews Bros.*, for plaintiff in error.

*A. M. Beattie,* for defendant in error.

DAVIS, J.; BURKET, C. J., SHAUCK, PRICE and CREW, JJ., concur.

It has been twice adjudged by this court that policies of insurance, like other contracts, should be reasonably construed so as to give effect to the express words of the parties and not to defeat their intention (*West. et al* v. *Insurance Co.*, 27 Ohio St., 1, 9-10; *Insurance Co.* v. *Myers*, 62 Ohio St., 529. See also Joyce on Insurance, Secs. 208, 216). And this rule of construction should be observed notwithstanding the rule that when a policy is open to two interpretations which are equally fair, that one should be preferred which would give to the insured the greater indemnity.

There is no ambiguity in this policy; and it is not contended that it is ambiguous. Counsel for the defendant in error insists that the words, "This entire policy shall be void," etc., have no more force than if the word "entire" were omitted, and that therefore this case is controlled by *Coleman & Co.* v. *Insurance Co.*, 49 Ohio St., 310. There is much force in the argument that the clauses, "This policy shall become void" and "This entire policy shall become void," mean the same thing; but by no legitimate construction can the latter clause be restricted to less than the whole policy and whatever is included in it, and therefore the strength of the argument, if it has any, goes to the soundness of the decision in *Coleman & Co.* v. *Insurance Co.* The two cases, however, are plainly distinguishable. In the former case the language used in the policy, whether ambiguous in itself or not, had frequently been the subject of construction and ingenious debate, resulting in diametrically opposite conclusions in the courts. In this case the parties, no doubt with knowledge of previous controversies, seem to have endeavored to put the indivisible character of their contract beyond controversy by inserting the word "entire"; and in our judgment they succeeded in their purpose. Unless we reject this controlling word and thus make a new contract for the parties, the policy means precisely what it says and can not be valid in part and void in part. The parties have agreed that it should not be a severable risk and they have clearly expressed that intention.

In one case the policy provided that: "This entire policy, unless otherwise provided by agreement indorsed thereon or

added hereto, shall be void," etc. It was held that: "The stipulation in regard to the forfeiture is applicable to the policy *as an entirety*" (*Insurance Co.* v. *Hamilton*, 82 Md., 88).

In another case the policy contained these words: "This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void, if the subject of insurance be a building on ground not owned by the insured in fee simple." The insured owned the building which was insured but did not own the land on which it stood. The court said: "We have looked to see whether the suit might not go on as to the chattels contained in the building. The words of the written contract are: 'This entire policy, etc., shall be void if the subject of insurance is a building,' etc. This language is plain and must control." And the court directed the lower court to enter judgment for the defendant (*Marlin* v. *Insurance Co.*, 57 N. J. Law, 623).

In New York the court of appeals has distinguished a policy providing that "this entire policy and every part thereof shall be void" from cases which are cited, and which are like *Coleman & Co.* v. *Insurance Co., supra,* the court saying: "This policy is quite different in its legal effect from those considered in the cases cited, it not being expressly provided in those policies, as in this, that a misrepresentation of the situation of one of the subjects insured should invalidate the insurance on all other property covered by the policy"(*Smith* v. *Insurance Co.,* 118 N. Y., 518, 526). "Every part thereof" includes the whole the same as "This entire policy"; and we therefore do not regard this New York policy as materially differing in its provisions from the one in the case at bar.

The judgments of the circuit court and the court of common pleas are

*Reversed.*