(100 App. Div. 69)

### DONLEY v. GLENS FALLS INS. CO.

(Supreme Court, Appellate Division, Fourth Department. January 4, 1905.)

1. INSURANCE—BREACH OF WARRANTY—EFFECT—SEVERABLE POLICY.

     Breach of warranty as to the title of land on which the insured building is located does not avoid the policy as to personalty situated in the building.

     McLennan, P. J., and Stover, J., dissenting.

Appeal from Trial Term, Yates County.

Action by Frank Donley against the Glens Falls Insurance Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS, HISCOCK, and STOVER, JJ.

McGuire & Wood, for appellant.
Huson & Lincoln, for respondent.

WILLIAMS, J. The judgment and order, so far as appealed from, should be affirmed, with costs.

The action was upon a standard policy of insurance, covering $450 on a barn, and $1,400 on personal property therein. The policy was issued September 8, 1903, and the property was destroyed by fire October 13, 1903, while the policy was in force.

The principal defense was that there was a breach of warranty as to the title of real property upon which the barn was located, which avoided the policy and prevented a recovery. The facts relating to this issue were not in dispute. In his application for the insurance the plaintiff stated that he had fee-simple title to the real property; that the title or possession thereof was not in litigation or dispute; that there was no mortgage or other lien on the same; that he was the sole owner of the property, and had owned it about one year; and these statements were expressly provided to be warranties, and not merely representations as a basis for the insurance requested. As matter of fact, the farm was formerly owned by one William P. Bassett. He died in 1895, leaving a will by which he devised the farm and other property in equal shares to five brothers and sisters and the five children of a deceased brother. His indebtedness largely exceeded the value of the personal estate left. In February or March, 1903, the plaintiff

obtained a quitclaim deed from one of the sons of the testator of his one-sixth interest in the farm, subject to all the debts and claims against it. He went into possession of the farm under this deed, and remained there until the issue of this policy and the destruction of the barn and personal property therein by fire. November 8, 1902, an action was commenced against the devisees under the Bassett will to charge the farm with a debt against the testator, and a lis pendens was then filed in Yates county clerk's office. Judgment was duly entered in that action November 19, 1903, for $454.88 damages, and $227 costs.

The plaintiff had no other title to the farm than the deed above referred to. There was therefore a breach of the warranty as to the real property. At the close of the evidence the trial court held there could be no recovery for loss of the barn, $450, but there could be a recovery for loss of the personal property therein. He submitted to the jury the question as to the value thereof, and directed them to render a verdict therefor. The amount of the verdict, including interest, I assume, was $1,428.

The defendant insists that the whole policy was avoided by the breach of warranty, and no recovery could be had thereon for the loss of any of the property insured. This leads us to consider the law relating to severing the liability under insurance policies, and allowing a recovery for the loss of a portion of the property insured, where there can be no recovery for the other part. The following cases decided by the Court of Appeals relate directly to this question:

In Wilson v. Herkimer Co. M. I. Co., 6 N. Y. 53, the insurance was upon a stock of goods in a building. There was the concealment of a material fact as to the surroundings of the building. The policy provided that such concealment should render the same void and of no effect. It was held that concealment as to the surroundings of the building rendered the policy void as to the contents of the building insured. The policy seems not to have covered or insured the building.

In Chaffee v. Cattaraugus Co. M. I. Co., 18 N. Y. 376, the insurance was upon a building, $600, and the stock of goods therein, $1,400. The policy was the same as in the case last cited, and there was a misrepresentation as to the surroundings of the building in the same respect as in such last-cited case. It was held that there was a warranty and a breach thereof, and that the policy was void. No question seems to have been raised as to the right, nevertheless, to recover for the stock of goods.

In Merrill v. Ag. Ins. Co., 73 N. Y. 452, 29 Am. Rep. 184, the insurance was upon farm buildings, $2,300, and various kinds of personal property therein, $3,700. The policy provided that, if the property insured should become incumbered by mortgage, judgment, or otherwise, the policy should be void until the written consent of the company was obtained. Two mortgages were given upon the real property after the policy was issued, and no consent of the company was obtained. A part of the buildings and personal property therein was destroyed by fire. The court held the

policy void as to the buildings by reason of the subsequent mortgages, but valid as to the personal property. It considered the Wilson and Chaffee Cases above cited, and also an unreported case, Heacock v. Saratoga Mu. F. Ins. Co., decided in 1856. In that case there was an insurance upon a factory and machinery therein, valued separately at $750. There was a condition in the policy which rendered it void by reason of the conceded fact that the assured had no legal title to the real estate. The Court of Appeals upheld a recovery for the machinery, upon the theory that the contract was severable as to the separate properties covered by the policy. More or less of the reasoning of the court in the Heacock Case was referred to, and then the court at some length considered the question itself, and arrived at the same conclusion arrived at in the Heacock Case—that the contract was severable, and therefore a recovery could be had for the machinery, though the policy was void as to the buildings.

In Herrman v. Ad. Fire Ins. Co., 85 N. Y. 162, 39 Am. Rep. 644, there was insurance upon several farm buildings and personal property therein, the amount of the insurance upon each of the properties being separately stated. Some of the buildings and the personal property therein were destroyed by fire. The policy provided:

"If the above mentioned premises shall * * * become vacant or unoccupied, and so remain for more than thirty days, without notice to and consent of this Company in writing * * * this policy shall be void."

It was held that the contract was severable, and, though the policy was void as to some of the buildings, it was valid as to the other buildings and the personal property in all of them, following the Merrill Case above cited.

In Schuster v. Dutchess County Ins. Co., 102 N. Y. 260, 6 N. E. 406, there was an insurance upon a dwelling house, $800, and personal property therein, $700. The policy provided that any misrepresentation in the application should render the policy void and of no effect, and that any misrepresentation or false swearing in the proofs of loss should be a full bar to all remedies upon the policy. The assured represented themselves in the policy and proofs of loss as owners of the real property. This was untrue, their interest therein having been sold on foreclosure. No recovery was allowed for the dwelling house, but there was a recovery had for the personal property therein. The court held the contract severable, following the Heacock and Merrill Cases; also that the recovery for the personalty was properly allowed, inasmuch as the jury found that the representations as to the ownership of the real estate were made in good faith, without intent to defraud, under a mistake as to the fact.

In Smith v. Agricultural Ins. Co., 118 N. Y. 518, 23 N. E. 883, the insurance was upon a barn, $600, and its contents, $500. The policy provided that:

"If the property, either real or personal or any part thereof, shall be incumbered by mortgage, judgment or otherwise, it must be so represented to the company, in the application, otherwise this entire policy, and every part

thereof, shall be void. * * * All statements in the application are warranties on the part of the assured."

The application represented the property as incumbered in the sum of $1,000. As matter of fact, the incumbrance was more than $5,000. The court held that the policy in this case was quite different from those in the Merrill, Herrman, and Schuster Cases, where the contracts were held severable, and that the breach of contract in this case was such as to defeat plaintiff's right to recover for any of the property. This case was decided in the Second Division, and only four of the seven judges of the court concurred therein. One judge dissented, and two others did not sit.

In Pratt v. Dwelling House Mut. Fire Ins. Co., 130 N. Y. 206, 29 N. E. 117, the insurance was upon a winehouse, $500, and personal property therein, $1,500. A verdict was directed for defendant, which was affirmed at General Term. There was a reversal in the Court of Appeals. The question most discussed related to the making of the contract of insurance. The form of the policy and the alleged breach thereof do not clearly appear in the report. The court did, however, state that:

"The condition in regard to incumbrances affected nothing except the real estate, which was but part of the subject of insurance, and a breach thereof did not affect the remainder of the contract, as it related only to the personal property, which was not mortgaged. Whatever the rule may be elsewhere, it is settled in this state that, when insurance is made on different kinds of property, each separately valued, the contract is severable, even if but one premium is paid and the amount insured is the sum total of the valuation."

Citing the Merrill and Schuster Cases, but not referring to the Smith Case. This was also a decision in the Second Division, made nearly two years after the Smith Case, and all the Judges concurred therein.

In Knowles' v. American Ins. Co. of Boston, 66 Hun, 228, 21 N. Y. Supp. 50 (affirmed on opinion at General Term, 142 N. Y. 641, 37 N. E. 567), the insurance was by two policies, one in December, 1890, upon a hophouse, $700, and the other in March, 1891, upon hops in the hophouse, crop of 1889, $1,200, and crop of 1890, $800. The whole property was destroyed by fire soon after the second policy was issued. There was a chattel mortgage upon the crop of hops of 1889, but none on the hophouse or crop of 1890. A recovery was had for the hophouse and crop of 1890, which was upheld in the General Term and Court of Appeals. The policy provided:

"This entire policy * * * shall be void * * * if the subject of the insurance be personal property, and be or become encumbered by chattel mortgage."

No defense was made as to the hophouse. The only question really litigated was the right to recover for the crop of 1890 insured in the same policy as the crop of 1889. Concededly the policy was void as to the crop of 1889. The court held the contract was severable, under the Merrill, Schuster, and Pratt Cases; that the policy should be construed to mean that the entire policy should be void as to the personal property which was mortgaged, but not as to such property as was free from mortgage. The Smith Case was.

distinguished in that the policy was a peculiar one, providing that the entire policy should be void if the property insured, or any part of it, became incumbered.

These are the only cases in the Court of Appeals which have been called to our attention, or have been discovered by us, relating to the question under consideration. The law seems to be well settled in this state that when a policy of insurance covers separate and distinct classes or species of property, each of which is separately valued, the contract is severable, and the avoidance of the policy as to one of the subjects of insurance will not affect the validity of the contract as to the others. There is nothing peculiar in the policy in this case, as there seems to have been in the Smith Case above, taking it out of this general rule. It is stated that "this entire policy shall be void if," etc., but that was the language used in the policy in the Knowles Case above, which was held to be within the rule as to severability of the contract. We have not regarded it as important to consider the cases decided by the courts of other states or the Supreme Court of this state, as the law seems to be well settled by the Court of Appeals. Indeed, counsel for the appellant, in his brief, does not dispute the law generally as to severability as applied to insurance contracts, but claims the rule does not apply to cases of warranty like this. He claims that in such cases the warranty of a fact as to one subject of the insurance applies equally to all other subjects, and it does not matter whether it is material to such other subjects or not. We do not find that any such distinction is made in the cases we have examined. The Smith Case was clearly one of warranty, but the decision was not placed upon the ground that the severability of insurance contracts was not applicable to cases of warranty. It is not so clear whether the other cases cited were cases of warranty, or representations merely. In some of them the policies were rendered invalid by reason of misstatement of facts existing at the time of the issue of the policies, and in others by reason of things occurring after the issue of the policies and before the fires. This distinction is not referred to in any of the cases, so far as we are able to discover. While there is reason in the claims made by counsel, we think, in this case, it is better to adhere to what seems to be the well-settled law of this state, and allow this new distinction to be made by the Court of Appeals, if it is to be made at all. We do not think reversible error was committed by the trial court in excluding evidence as to fires upon the farm of the wife of the plaintiff and his declaration with reference thereto. The views herein expressed lead us to affirm the judgment and order appealed from, with costs.

Judgment and order, so far as appealed from, affirmed, with costs.

SPRING and HISCOCK, J., concur.

McLENNAN, P. J. (dissenting). I do not think it is the law of this state that a person may procure a building, and the personal property therein, to be insured against loss by fire upon an application in which he warrants that he is the owner of the building,

free and clear of all incumbrance, as well as of the personal property, and in case all is destroyed by fire, even although 'the amount of insurance upon each kind of property is specified, may admit he did not own the building, that his statement in that regard was false, and still recover the value of the personal property—the only part of the subject of insurance in which he had any interest; and so, notwithstanding it was expressly agreed in the contract that such statement, if false, whether material or not, would render the policy of insurance absolutely void. That, however, is in effect the holding of the court by the decision which is about to be made in this case.

The contract which is the subject of this litigation is evidenced by a single policy of insurance, based upon one application signed by the insured. By its terms it purported to insured the plaintiff against loss by fire for three years from the 8th of September, 1903, in the sum of not to exceed $2,500, as follows:

"$700 on two story * * * frame building * * * occupied as a private family residence; $450 on barn * * *; $1000 on farm produce and feed while therein * * *; $100 on farming tools * * * while in said barn; $200 on pine shingles and lumber in said barn; all situate on farm owned by assured while occupied by a tenant, in the township of Italy, County of Yates, and State of New York. For a more particular description reference is had to the application and survey of the assured, No. 1213 on file with this company, which is a warranty and is made a part of this contract."

Concededly the plaintiff made several statements in his application for insurance respecting his title to or ownership of the premises upon which the buildings were situate, and in which the personal property was, which were false and untrue, but notwithstanding such false statements the application contained the following:

"And the said applicant hereby warrants, covenants and agrees to and with said Company, that the foregoing is a full, just and true exposition of all the facts and circumstances, conditions, situation and values of and title to the property to be insured, and is offered as a basis of insurance requested, and is made a special warranty, the same as if written on the face of the policy, and the statement is offered and received, and to be taken and to have the effect of a warranty and not a representation."

I cannot agree with the majority of the court that such false statements, which were expressly made warranties, only rendered the insurance upon the buildings void, and did not affect the insurance upon the personal property which was kept or stored in such buildings. It is elementary that a warranty is in the nature of a condition precedent, and therefore must be performed by the insured before he can demand performance of the contract on the part of the insurer, and it is quite immaterial for what purpose such warranty was made, or whether or not it was material to the risk, or whether the hazard was enhanced by reason of its falsity. Rohrback v. Germania Ins. Co., 62 N. Y. 47, 20 Am. Rep. 451; Chaffee v. Cattaraugus Co. M. I. Co., 18 N. Y. 376; Bryce v. Lorillard Fire Ins. Co., 55 N. Y. 240, 14 Am. Rep. 249; Alexander v. Germania Ins. Co., 66 N. Y. 464, 23 Am. Rep. 76; Graham v. Firemen's Ins. Co., 87 N. Y. 69, 41 Am. Rep. 348. As was said by Justice Adams,

writing for this court in the case of Clements v. Connecticut Indemnity
Co., 29 App. Div. 131, 51 N. Y. Supp. 442:

"It is now a well-established principle of the law of insurance that the effect
of a warranty is to make void the policy if all the representations of the as-
sured, upon which the policy is issued, are not substantially true, and this
without regard to their actual materiality."

In the case at bar it is apparent that the statements of the as-
sured were material to the risk, and the defendant may well claim
that it would not have insured either the buildings, which were a
part of the realty, or the personal property in such buildings, if the
plaintiff had truthfully stated the nature of his title and the interest
which he had in the farm upon which the buildings were situated.
As matter of fact, the plaintiff had no title to, and really no valu-
able interest in, the farm. The insurance upon the buildings ag-
gregated only $1,150, whereas there was $1,400 of insurance upon
the personal property, all stored in a barn which was insured for
only $450. The defendant might very well have refused to insure
the contents of such barn if it had known the plaintiff had no inter-
est in protecting it against destruction by fire. The representations
made by the plaintiff, that he was the owner in fee of the farm,
and that it was unincumbered, were material to the risk which the
defendant assumed in insuring the personal property upon the
premises. But under the authorities it is entirely immaterial
whether the risk was thus enhanced or not. As was said in Gra-
ham v. Firemen's Ins. Co., supra:

"The cases cited establish the principle that where the provisions of the
contract explicitly declare that it shall be void in case of misrepresentation,
and certain conditions which are not enumerated are not performed, the truth,
and not the materiality, of the misrepresentations is the real question."

And at page 76, 87 N. Y., 41 Am. Rep. 348, the court further said:

"The insurer has a right to know to what extent the insured has the ability
to protect, or an interest in protecting, against the perils insured against.
Savage v. Howard Ins. Co., 52 N. Y. 502, 504 [11 Am. Rep. 741]. And in a case
like this, when a specific inquiry is made, the question of the materiality of
the statement in respect to the risk is settled by the parties as a matter of
contract. A broad distinction exists where the statement is made in answer
to inquiries or otherwise. In the one case the answers are made material by
the act of the assured, whether they are in fact or not, while in the other case,
even though the statements are made a part of the policy, they are not effica-
cious as warranties, although material in fact."

In Bryce v. Lorillard Fire Ins. Co., supra, in discussing the effect
of such a false statement, the court said (page 244, 55 N. Y., 14 Am.
Rep. 249):

"And it was a condition precedent, not to be avoided by the fact that the
truth of the description was not essential to the risk, nor an inducement to
the defendant to enter into the contract. This rule is so well established in
the law of insurance as that it must be adhered to though it may work
hardship in a particular case."

Upon principle, the warranties contained in the application for
the policy of insurance in question should be regarded as applicable
to the personal as well as to the real property. By the contract
the parties stipulated that they should so apply. The contract is:

"The entire policy shall be void if the insured has concealed or misrepre-
sented * * * concerning this insurance or the subject thereof."

We think the authorities to which attention has been called in the prevailing opinion do not in any manner overrule the broad principle, adverted to, that a false statement contained in an application for a policy of insurance, which by the terms of the instrument is made a warranty, vitiates and renders void the entire contract. The precise proposition was last decided by the Court of Appeals in Smith v. Agricultural Insurance Company, 118 N. Y. 518, 23 N. E. 883, and it was there held that the false warranty vitiated the entire policy. In that case it is said that it was expressly stipulated in the policy that if either the real or personal property, or any part of it, be incumbered, it must be so represented to the company in the application, otherwise the entire policy, and every part of it, shall be void. Practically the same stipulation is contained in the policy involved in this case. It provides:

"This entire policy shall be void if the insured has concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, * * * or in case of any fraud or false swearing by the insured, touching any matter relating to this insurance or the subject thereof."

"This insurance or the subject thereof" covers and relates to real and personal property alike. Those words are quite as comprehensive as those employed in the policy in the Smith Case, supra, and their effect is the same.

In Wilson v. Herkimer Mut. Ins. Co., 6 N. Y. 53, and Chaffee v. Cattaraugus M. I. Co., supra, which were cases exactly like the one at bar, it was expressly held that no recovery could be had either for loss to the personal property or realty. Merrill v. Agricultural Insurance Company, 73 N. Y. 452, 29 Am. Rep. 184, was a case where the policy provided that if the property insured became incumbered by mortgage, judgment, or otherwise, the policy should be void until the written consent of the company was obtained.

In Herrman v. Adriatic Ins. Co., 85 N. Y. 162, 39 Am. Rep. 644, the policy provided that if the premises should become vacant and unoccupied, and so remain for more than 30 days without the consent of the company, the policy should be void.

In those and similar cases the court held that where the breach of a condition subsequent did not affect the entire property insured, and did not enhance the risk, recovery could be had for the loss of the property not affected by such breach. Frank v. Mutual Life Insurance Company of New York, 102 N. Y. 266, 6 N. E. 667, 55 Am. Rep. 807, was a case where the alleged false statements were not warranties. In that case the jury were permitted to determine whether such representations were material to the risk— enhanced the hazard. That is always the issue in case of false representations, but never in the case of breach of warranty. So in the case of Knowles v. American Insurance Company, 66 Hun, 220, 21 N. Y. Supp. 50 (affirmed 142 N. Y. 641, 37 N. E. 567, on opinion below). The statements contained in the application in that case were not made warranties by the express language of the contract, but they were regarded as representations, and therefore, it having been found that the fact of their falsity was not material to a certain specific part of the risk, and that they did not

induce the making of the contract, it was held that a recovery could be had for the loss of such specific property. We have been unable to find any case decided or approved by the Court of Appeals which held that a false statement contained in an application for insurance, which by the express language of the policy was made a warranty and declared to be material, did not render void the entire contract. On the contrary, as we interpret the decisions, it has been uniformly held that under such circumstances no recovery can be had.

We therefore conclude that the judgment and order appealed from should be reversed, and judgment directed in favor of the defendant, dismissing the complaint upon the merits, with costs.

STOVER, J., concurs.