PHEBE SCHUSTER et al., Respondents, *v.* THE DUTCHESS COUNTY INSURANCE COMPANY, Appellant.

A policy of fire insurance issued by defendant for a premium in gross insured the plaintiffs for the sum of $800 on their dwelling-house and $700 on their household furniture and other personal property therein.    By the terms of the policy it was vitiated by any false statement in the application for insurance.    The application stated that the insured were the owners of the real estate.    This was in fact untrue.    In an action upon the policy, *held*, that the contract was severable; that while the misrepresentation rendered the policy void as to the insurance on the dwelling, and if made with full knowledge of its falsity, might affect the whole insurance, yet if made in good faith and under a misconception as to the fact, it did not affect the insurance upon the personalty, and there being evidence tending to show good faith, this was a question of fact for the jury.

The policy contained a condition rendering it void in case of any misrepresentation or false swearing in any statement or affidavit in reference to a loss.    In the proofs of loss it was stated that plaintiffs were owners of

the real estate.  *Held*, that if this was done honestly and under a mistake as to the ownership, it did not vitiate the insurance on the personal property, and the question was properly submitted to the jury.

(Argued March 25, 1886; decided April 13, 1886.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made May 6, 1884, which affirmed a judgment in favor of plaintiffs, entered upon a verdict.

This action was upon a policy of fire insurance issued by the defendants, which for a premium of $29 insured the plaintiffs, "$700 on their dwelling-house, $800 on their household furniture and wearing apparel therein."

In and by the policy of insurance it was provided that all applications for insurance should be in writing according to the printed forms prepared by the company; and that such application should contain the place where the property was situated. Also that the property should be insured in the name of all the owners, and that any misrepresentation or concealment in the application should render the policy void and of no effect. It was also provided that all persons sustaining loss or damage, should make and deliver to the company proof of loss, wherein they should declare on oath what their interest in the property insured was at the time of the loss or damage, and that any misrepresentation, concealment or fraud, or false swearing in any statement or affidavit in relation to the loss or damage, should forfeit all claims by virtue of the policy, and should be a full bar to all remedies upon the same. In the application, and in response to the question, " Who owns and who occupies the premises, and for what purpose is the house occupied?" the plaintiffs answered, "owned by applicants and occupied by them as a dwelling, and one part used as a small country store." In the proof of loss delivered to the company, signed and sworn to by the plaintiff, Louis Schuster, it was stated that the company insured the plaintiffs against loss and damage " to the amount of $1,500, as follows: $700 on their dwelling-house, $800 on their household furniture and wearing apparel therein,"

and that the property insured belonged to "Phebe Schuster and Louis Schuster in equal parts."

The land formerly belonged to plaintiffs, but had been sold on mortgage foreclosure.

*T. F. Bush* for appellant. A false representation of a material fact is sufficient to avoid a policy of insurance made on the faith of it. Whether the false representation be by mistake or design, it is a legal and practical fraud. (*Armour* v. *Transatlantic Ins. Co.*, 90 N. Y. 456.) The plaintiffs were bound by their agreement to answer truthfully and at their peril. (*Graham* v. *Firemans' Ins. Co.*, 87 N. Y. 69.) By the agreement of the parties, the misrepresentation is put upon the same footing as a breach of warranty. (*Armour* v. *Transatl. Ins. Co.*, 90 N. Y. 456 ; *Graham* v. *Fireman's Ins. Co.*, 87 id. 69 ; *Burritt* v. *Saratoga Co. Mut. Ins. Co.*, 5 Hill, 188 ; *Jackson* v. *St. Paul Ins. Co.*, 33 Hun, 65 ; *Savage* v. *Howard Ins. Co.*, 52 N. Y. 504.) A warranty must be literally true, and fully complied with, or the contract fails, regardless of questions of motive, or materiality. (*Pierce* v. *Emp. Ins. Co.*, 62 Barb. 636; *Burritt* v. *Saratoga Co. Mut. Ins. Co.*, 5 Hill, 188 ; *Jennings* v. *Chenango Co. Mut. Ins. Co.*, 2 Denio, 75 ; *Lasher* v. *St. Joesph's F. Ins. Co.*, 86 N. Y. 423 ; *Gates* v. *Madison Co. Mut. Ins. Co.*, 2 id. 43 ; *Chaffee* v. *Catt. Co. Ins. Co.*, 18 id. 376 ; *Le Roy* v. *Market F. Ins. Co.*, 39 id. 90 ; *Shoemaker* v. *Glens Falls Ins. Co.*, 60 Barb. 84.) The title of the assured to the property at risk, and the extent of his interest is a matter directly affecting the risk. (*Savage* v. *Howard Ins. Co.*, 52 N. Y. 504; *Graham* v. *Fireman's Ins. Co.*, 87 id. 79.) If in the present case the application had been simply for an insurance upon the furniture, and the same misrepresentation had been made in response to the same inquiry, it would have been fatal to the insurance. (*Wall* v. *East River Mut. Ins. Co.*, 7 N. Y. 370 ; *Burleigh* v. *Gebhard F. Ins. Co.*, 90 id. 220.) A misrepresentation in procuring a policy of insurance directly relating to the risk upon the building affects also the risk upon the personal property therein, especially where the matters

misrepresented are the subject of direct inquiry in the application, and in such case there is no ground for distinction between the two classes of property. ( *Wilson* v. *Herkimer Co. Mut. Ins. Co.,* 6 N. Y. 53 ; *Wall* v. *East River Ins. Co.,* 7 id. 370 ; *Chaffee* v. *Catt. Co. Ins. Co.,* 18 id. 376 ; *Le Roy* v. *Market F. Ins. Co.,* 39 id. 90 ; *Burleigh* v. *Gebhard F. Ins. Co.,* 90 id. 220 ; *Shoemaker* v. *Glens Falls Ins. Co.,* 60 Barb. 84 ; *Jackson* v. *St. Paul Ins. Co.,* 33 Hun, 60 ; May on Ins. 301, § 277 ; Wood on Ins. 268, § 152 ; *Ætna Ins. Co.* v. *Rush,* 44 Mich. 55 ; *Moore* v. *Va. Ins. Co.,* 28 Gratt. 375 ; *Lovejoy* v. *Augusta Ins. Co.,* 45 Me. 472 ; *Gould* v. *York Co. Ins. Co.,* 47 id. 403 ; *Friesmuth* v. *Agawam Ins. Co.,* 10 Cush. 587 ; *Brown* v. *Peo. Mut. Ins. Co.,* id. 280 ; *Kimball* v. *Howard Ins. Co.,* 3 Gray, 583 ; *Gallaman* v. *Penn. Ins. Co.,* 56 Penn. St. 210 ; *Schumitsch* v. *Am. Ins. Co.,* 48 Wis. 26 ; *Richardson* v. *Maine Ins. Co.,* 46 Me. 394.)

*Thornton A. Niven* for respondents. The policy in suit was severable. (Alb. L. J., March 25, 1882, p. 224 ; *Merrill* v. *Agri. Ins. Co.,* 73 N. Y. 452 ; *Sunderlin* v. *Ætna Ins. Co.,* 18 Hun, 522 ; 8 N. Y. Weekly Dig. 530 ; *Dacy* v. *Agri. Ins. Co.,* 21 Hun, 83 ; *Holmes* v. *Drew,* 16 id. 491 ; *Woodward* v. *Repub. F. Ins. Co.,* 32 id. 365.)

MILLER, J. In the case of *Merrill* v. *The Agricultural Ins. Co.* (73 N. Y. 452), this court held that where, by a policy upon several separate and distinct classes or species of property, each of which is separately valued, the sum total of the valuation is insured on payment of a premium in gross, the contract is severable, and a breach of a condition avoiding the policy as to one of the items does not affect it as to the others; at least where there is nothing in the terms, in the nature of the contract, or of the different subjects of the insurance, or in the surrounding circumstances, from which it can be inferred that the insurer would not have been likely to have assumed the risk on one or several of the subjects of the insurance, unless induced by the profit or advantage of having a risk upon all.

In this case there was a separate insurance upon the buildings erected on the real estate as well as upon the personal property. By the policy different classes of property were insured for separate and distinct amounts, and under the case cited, it must be considered not as a contract entire in itself, but as one which is severable, and in which the separate amounts specified may be distinguished and a recovery had for one of them without regard to the others. The same view of the question was taken in an elaborate opinion in the unreported case in this court of *Heacock* v. *Saratoga Mutual Fire Ins. Co.* In that case the policy insured the plaintiff, on his woolen factory and on his machinery separately, and it appeared that the plaintiff had no title to the real estate, yet a recovery was had for the value of the machinery separately. The case is strikingly analogous to the one under consideration, and taken in connection with *Merrill* v. *Agri. Ins. Co.* (*supra*), appears to be conclusive upon the question presented. The alleged false representation here consisted in the statement made as to the ownership of the building insured, and while such representation rendered the policy void as to the real estate, and if made with full knowledge of its falsity, might affect the entire policy, the facts connected with it were a proper subject for consideration in reference to the personal property, which was severed from the real estate, in determining whether a fraud was intended; and in view of the authorities cited, it was a question for the jury to decide whether, under the circumstances, there was an intent to defraud, or whether the misrepresentations were made under a misapprehension as to ownership of the property.

The counsel for the appellant insists that the negotiation for this policy was vitiated by the false representation in the application and no contract resulted from it, and we are referred to numerous authorities to sustain the position that a false representation of a material fact is sufficient to avoid a policy of insurance made on the faith of it, whether the false representation be by mistake or design; that such false representation, whether known to be untrue or not, defeats the policy under the contract of insurance contained in the same, and places a

misrepresentation upon the same footing as a breach of warranty.

There is no doubt as to the general application of the rule stated, but as we have seen, the authorities cited make a distinction and allow a severance between separate items of insurance on property in the same policy, and in such a case the rule referred to is not applicable. It is claimed that a distinction exists between the case of *Merrill* v. *Agri. Ins. Co.* and the one considered, but we are unable to perceive any difference between the two cases, which prevents the application of the same principle to both of them. In the present case, the insured, by their agent, misrepresented that they were the owners of the real estate, while in the case cited, the insured placed an incumbrance on the property after the policy was issued, but the same principle applies to both cases, inasmuch as the amounts insured in the policies were severable. Nor can it, we think, be said that it was unnecessary to consider the question now presented in the case cited, and for that reason it is not in point.

The appellant's counsel also insists that any recovery by the plaintiff is barred by the misrepresentation and false swearing in the proof of loss. This is claimed under the provision in the policy, that " any misrepresentation or concealment, or fraud or false swearing, in any statement or affidavit in relation to loss or damage, shall forfeit all claim by virtue of this policy and shall be a full bar to all remedies upon the same."

Upon the trial there was evidence tending to show that the plaintiffs supposed and believed they were the owners of the real estate, and that they made the affidavit accordingly. If this was done honestly and in good faith, while laboring under a mistake in law as to their ownership, there is no ground for claiming that the representation was fraudulent and that it should prevent a recovery. This question and all others as to the plaintiffs' fraudulent intent were submitted to the consideration of the jury, and, as they found for the plaintiffs, their verdict must be regarded as final and conclusive.

No error was committed by the court in refusing to charge,

as requested, that if the jury believed from the evidence that Mr. Schuster made and swore to the proof of loss and delivered it to the defendant, intending thereby to obtain from the defendant the amount of insurance upon the house, knowing that the insured were not the owners of it, such false proof of loss precluded a recovery by the plaintiffs.

The court upon the trial charged generally that if there was fraud, not limiting it to the personal property, there could be no recovery, thus presenting that question to the consideration of the jury. The request as made asked the court to charge that an untrue statement, not fraudulently made, as to the real estate would defeat a recovery as to the personal. This would have established an erroneous rule for the guidance of the jury, and in refusing the request as made, the court followed the decisions already cited.

The judgment should be affirmed.

All concur.

Judgment affirmed.