HENRY MOTT, Appellant and Respondent, *v.* THE CITIZENS' INSURANCE COMPANY, of New York, Respondent and Appellant.

*Fire insurance — interest of the insured — unconditional ownership in fee simple — equitable title not sufficient — severable policy.*

A policy of fire insurance upon a building, and on hay and a hay press therein, with an apportionment of the insurance upon the respective items, contained a provision that the entire policy should be void "if the interest of the insured be other than unconditional and sole ownership, or if the subject of the insurance be a building on ground not owned by the insured in fee simple" On the trial of an action to recover for a loss under the policy, it appeared that the insured

had no legal title or deed to the land on which the building stood, but he claimed an equitable title to the land under a parol contract, and showed that he was the unconditional owner of the hay and press.

*Held,* that even if the insured was the equitable owner of the land (which claim was not made out by the evidence), that fact would not entitle him, under the wording of the policy, to recover for the building.

*Held,* however, that the policy was severable, and that the insured was entitled to recover for the hay and press, of which he was the unconditional owner.

CROSS APPEALS from a judgment of the Supreme Court, entered in the office of the clerk of Clinton county on the 16th day of March, 1892, upon the decision of the court after a trial at the Clinton Circuit before the court without a jury.

The action was brought to recover for a total loss, under a policy of fire insurance issued by the defendant to the plaintiff.

The property covered by the policy was described therein as follows:

" The Citizens' Insurance Company of New York, in consideration of the stipulations herein named, and of eleven and twenty-five hundredths dollars premium, does insure Henry Mott for the term of one year, from the 24th day of July, 1890, at noon, to the 24th day of July, 1891, at noon, against all direct loss or damage by fire, except as hereinafter provided, to an amount not exceeding seven hundred and fifty dollars, to the following described property, while located and contained as described herein, and not elsewhere, to wit:

" $250 on frame building, occupied as a hay barn, at Rouses Point, Clinton Co., N. Y.

" $250 on hay, and

" $250 on hay-press, and scale, while contained therein.

" $1,500.    Total insurance permitted."

*Wilmer H. Dunn,* for the plaintiff.

*S. L. Wheeler,* for the defendant.

HERRICK, J. :

This case should be affirmed upon the opinion of the court below. Both parties having appealed, the case is affirmed, without costs to either.

MAYHAM, P. J., concurred.

Judgment affirmed, without costs to either party as against the other, on opinion of court below.

The following is the opinion of the court below:

PUTNAM, J. :

The policy provides that it shall be void "if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple." It is conceded that plaintiff had no legal title or deed to the lot on which the building insured stood, but plaintiff claims that he had an equitable title by parol contract, under which he had been in occupation for ten years prior to the fire. Under some policies of insurance it has been held that the equitable owner of land, who had no deed, might recover under the policy of insurance, as the owner.

Such was the case of *Pelton* v. *Westchester Fire Insurance Co.* (13 Hun 23 ; 77 N. Y. 605). And there have been other cases holding the same doctrine as the *Pelton* case. But under the contract of the parties in this case, under the policy set out in the complaint, it is difficult to see how plaintiff can recover as to the buildings insured. The parties contracted and agreed that the policy should be void if the interest of the plaintiff in the land on which the building insured stood, should be other than unconditional ownership, or if the plaintiff was not the owner in fee simple. It cannot be justly claimed that plaintiff, at the time of the fire, had an unconditional title to the lot in question, in fee simple ; hence, under the policy, even if plaintiff had a valid equitable title under his verbal contract, I think he would be unable to recover for the loss on his building.

Under the contract contained in the policy, the plaintiff should have stated his interest in the land, and should have had a special clause written or inserted in the policy. Such a contract as was made in this case between the defendant and plaintiff, has been held valid and binding on the parties. (See *Lasher Case*, 86 N. Y. 423 ; *Messelback Case*, 46 Hun, 414 ; *Dowd Case*, 41 id. 139 ; *Allen Case*, 123 N. Y. 6.) But, in my judgment, plaintiff failed to show that he had any valid equitable title to the lots on which the barn stood. His own testimony fails to establish his title.

His evidence shows that he agreed with Hungerford, the agent of the railroad company, that he should have a deed of the lot for $200. Assuming that Hungerford, under the circumstances, had authority to bind the railroad, yet the plaintiff does not show that Hungerford gave him any title, or made, or assumed to make, any contract with him, but merely that Hungerford said that Lawrence, the real estate agent of the railroad company, would transact the business and give him a title, and that he, Hungerford, would notify the plaintiff when to meet Lawrence at Rouses Point.

He does not allege that Hungerford assumed to make a contract with him, or authorized him to take possession of the lot, or that he was in possession under any contract. He merely claims that Hungerford said that Lawrence would contract with him and give him a title. He and Lawrence never did meet; he never paid or offered to pay any consideration, and from all that is shown in the case, the plaintiff was in possession of the lot in question as a mere squatter, without title of any kind, and not under any contract. As far as the case shows, plaintiff was not authorized to take possession in advance of a deed which was expected to be soon executed, but which in fact never was.

I, therefore, conclude that, under the policy, the plaintiff cannot recover as to the buildings. Is the policy also void as to the $500 insurance on the personal property?

Or, under the contract, is the part as to personal property severable from that relating to the buildings? With some hesitation, I reached the conclusion that the contract as to the hay and press is severable. The policy says that the " entire policy shall be void * * * if the interest of the insured be other than unconditional and sole ownership, or if the subject of insurance be a building on ground not owned by the insured in fee simple."

As to the hay and press, plaintiff was the unconditional owner.

The policy, I think, should not be construed as void in all its parts, because the entire property covered by it, and every part thereof, is not owned unconditionally. This policy does not say that if any part of the insured property is not owned by the insured unconditionally, the whole policy shall be void, as in the case of *Smith* v. *The A. Ins. Co.* (118 N. Y. 526). In that case the language of the policy was as follows: " It is expressly stipulated in this policy that,

if the property either real or personal, or any part thereof, shall be incumbered by mortgage, judgment or otherwise, it must be so represented to the company in the application, otherwise this entire policy, and every part thereof, shall be void." An examination of the above case, and those below cited, will show the distinction between cases where policies of insurance, as to real and personal property, are severable or otherwise. (See *Schuster* v. *Dutchess County Insurance Co.*, 102 N. Y. 260; *Merrill* v. *A. Ins. Co.*, 73 id. 452; *Dacey* v. *The A. Ins. Co.*, 21 Hun, 84; *Holmes* v. *Drew*, 16 id. 491.)

Plaintiff then should recover for the hay and press, and interest on the sum insured from the time the loss was payable by the terms of the policy.