FRANK DONLEY, Respondent, *v.* GLENS FALLS INSURANCE COMPANY, Appellant.

1. FIRE INSURANCE — BREACH OF WARRANTY AS TO ONE SUBJECT OF INSURANCE DOES NOT AFFECT POLICY AS TO THE OTHER SUBJECTS. Where by the same policy of fire insurance, different classes of property, each separately valued, are insured for distinct amounts, even if the premium for the aggregate amount is paid in gross, the contract is severable and a breach of warranty as to one subject of insurance only does not affect the policy as to the others, unless it clearly appears that such was the intention.

2. WHEN WARRANTIES IN APPLICATION AND POLICY HAVE SAME EFFECT. Where the application for insurance provides that the statements contained therein are made "a special warranty, the same as if written on the face of the policy," an intention is indicated that they should have the same effect only.

3. ERRONEOUS EXCLUSION OF EVIDENCE TENDING TO SHOW BREACH OF EXPRESS WARRANTY. A statement in such an application that the insured has no reason to fear incendiarism constitutes an express warranty to that effect, even if that fact were not material to the risk, and if untrue, renders the policy void. Evidence, therefore, in an action upon the policy, that several fires had occurred on farms belonging to the wife of the insured and managed by him, that he had stated previous to making the application that the fires were of incendiary origin and that some of them were set by his enemies because of a grudge against him, is competent and material as tending to show the falsity of such statement, and its exclusion constitutes reversible error.

*Donley* v. *Glens Falls Ins. Co.*, 100 App. Div. 69, reversed.

(Argued February 7, 1906; decided February 16, 1906.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the fourth judicial department, entered January 13, 1905, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

This action was brought upon a standard policy of fire insurance, issued by the defendant to the plaintiff on the 8th of September, 1903, in which the amount of insurance and the subject of the risk were described as follows: "$700 on two story, shingled roof, frame building, with additions, foundations and all permanent fixtures while occupied as a private family residence; $450 on barn No. 1 on diagram, including sheds and additions attached; $1,000 on farm produce and feed, while therein and in stacks within 100 feet; $100 on farming tools and utensils, including mower and reaper, while in said barns; $100 on wagons, carriages, sleighs, harnesses, with horse and carriage equipment, while in said barns; $200 on pine shingles and lumber in said barn; all situated on the farm owned by the insured while occupied by tenant in the township of Italy, county of Yates and state of New York. For a more particular description reference is had to the application and survey of the assured, No. 1213, on file with this company, which is a warranty, and is made a part of this contract."

The policy provided that "this entire policy shall be void if the insured has concealed or misrepresented in writing or otherwise any material fact or circumstance concerning this insurance, or the subject thereof, or if the interest of the insured in the property be not truly stated herein, or in case of any fraud or false swearing by the insured touching any matter relating to this insurance or the subject thereof, whether before or after a loss. * * * This entire policy, unless otherwise provided by agreement endorsed hereon or added hereto, shall be void * * * if the interest of the insured be other than unconditional and sole ownership. * * * If an application, survey, plan or description of property be referred to in this policy it shall be part of this contract and a warranty by the insured."

The written application signed by the plaintiff contained the following questions and answers :

"35. Title.   Have you fee simple title?   Yes.

"37. Is title or possession in litigation or dispute?   No.

"38. Incumbrance.   Is there any mortgage or other lien on any of this property?   No.

"51. Have you any reason to fear incendiarism?   No.

"52. Have you ever suffered loss by fire?   No.   When?

"53. State fully the origin, Company insured in, etc."

The following is the last sentence in the application: "And the said applicant hereby warrants, covenants and agrees to and with said company that the foregoing is a full, just and true exposition of all the facts and circumstances, conditions, situation and values of and title to the property to be insured and is offered as a basis of insurance requested and is made a special warranty, the same as if written on the face of the policy, and the statement is offered and received and to be taken and to have the effect of a warranty and not a representation."  .

On the 13th of October, 1903, barn No. 1 and the personal property contained therein were wholly destroyed by fire.

The complaint was in the usual form, and the defendant pleaded, among other defenses, a breach of said warranty relating to title, unconditional and sole ownership, incumbrances, reason to fear incendiarism, etc.   It was conclusively proved upon the trial that at the date of the policy, as well as at the time of the fire, the plaintiff was not the unconditional and sole owner of the land upon which the buildings insured were situated, for he owned only an undivided sixth interest therein, subject to the debts of a prior owner, and an action was pending with a *lis pendens* duly filed November 8th, 1901, to collect such debts by a sale of the land.   It also appeared that the premises were subject to the lien of a judgment recovered against the plaintiff and duly docketed in the clerk's office of Yates county on the 5th of June, 1894.

At the close of all the evidence the complaint was dismissed as to the insurance of $450 on the barn, upon the ground that

there was a breach of warranty as to title and incumbrances. The trial judge, however, held that this breach did not affect the contract as to the personal property, and a verdict was directed in favor of the plaintiff for the value thereof, which was left to the jury to determine. The judgment entered accordingly was affirmed by the Appellate Division, two of the justices dissenting.

*Hiram R. Wood* for appellant. The complaint should have been dismissed as to the entire policy because of the undisputed breaches of the warranties contained in the written application. (*Smith* v. *Æ. Ins. Co.*, 25 Barb. 497; *Higbie* v. *G. Ins. Co.*, 66 Barb. 462; *Ripley* v. *Æ. Ins. Co.*, 30 N. Y. 136; *Rohrbach* v. *G. Ins. Co.*, 62 N. Y. 47; *Alexander* v. *G. Ins. Co.*, 66 N. Y. 464; *Graham* v. *F. Ins. Co.*, 87 N. Y. 69; *Smith* v. *A. Ins. Co.*, 118 N. Y. 518; *Clements* v. *C. Ins. Co.*, 29 App. Div. 131; *Wilson* v. *H. C. M. Ins. Co.*, 6 N. Y. 53; *Chaffee* v. *C. C. M. Ins. Co.*, 18 N. Y. 376.) The evidence offered by the defendant with reference to previous fires, that they were of incendiary origin, as stated by the plaintiff, and that as to the last fire the plaintiff stated that the buildings were set on fire by enemies of his who had a grudge against him, was improperly excluded. (*Rohrbach* v. *G. Ins. Co.*, 62 N. Y. 47.)

*Calvin J. Huson* for respondent. The contract is severable and the plaintiff is entitled to recover his loss on the personal property, even though there was such a breach of warranty as to the insurance upon the buildings as precludes a recovery for loss upon the dwelling house. (*Kings* v. *T. C. P. R. Assn.*, 35 App. Div. 58; *Knowles* v. *A. Ins. Co.*, 66 Hun, 220; *Schuster* v. *D. C. Ins. Co.*, 102 N. Y. 260; *Smith* v. *H. Ins. Co.*, 47 Hun, 30; *Mott* v. *C. Ins. Co.*, 69 Hun, 501; *Pratt* v. *D. H. M. F. Ins. Co.*, 130 N. Y. 206; *Merrill* v. *A. Ins. Co.*, 73 N. Y. 452; *Tompkins* v. *H. Ins. Co.*, 22 App. Div. 380; *Adler* v. *G. Ins. Co.*, 17 Misc. Rep. 347; *A. A. G. S. Co.* v. *G. F. Ins. Co.*, 1 Misc. Rep. 114.)

VANN, J.    Whatever our views might be if the question were new, we regard it as settled that where, by the same policy, different classes of property, each separately valued, are insured for distinct amounts, even if the premium for the aggregate amount is paid in gross, the contract is severable and a breach of warranty as to one subject of insurance only does not affect the policy as to the others, unless it clearly appears that such was the intention. (*Knowles* v. *American Ins. Co.*, 66 Hun, 220 ; 142 N. Y. 641; *Pratt* v. *Dwelling House Mutual Fire Ins. Co.*, 130 N. Y. 206, 221; *Schuster* v. *Dutchess Co. Ins. Co.*, 102 N. Y. 260; *Herrman* v. *Adriatic Fire Ins. Co.*, 85 N. Y. 162; *Merrill* v. *Agricultural Ins. Co.*, 73 N. Y. 452; *Deidericks* v. *Commercial Ins. Co.*, 10 Johns. 233; *Trench* v. *Chenango Co. Mutual Ins. Co.*, 7 Hill, 122.)    Some early cases holding the contrary doctrine are no longer followed in this state, and *Smith* v. *Agricultural Ins. Co.* (118 N. Y. 518), relied upon by the defendant, was distinguished in the *Knowles Case* (*supra*), because the contract provided that the "entire policy and *every part thereof*" should be void if the property insured *or any part thereof* was incumbered.    In the *Knowles* case, as in the case before us, the provision was simply that the entire policy should be void in case of a breach, and the recent cases hold that this means the entire policy so far as it relates to the subject of insurance affected by the breach, because a severable policy is equivalent to as many policies as there are classes of property separately valued.    In other words, the breach avoids the entire policy relating to the risk to which the warranty applies.

The claim of the defendant that the warranties in the application have a different effect from those in the body of the policy is not sustained by the authorities, for in the *Pratt Case* (*supra*), as the appeal book shows, the application containing the warranty broken was referred to in the policy and made a part thereof, yet a recovery, although denied as to the building, was allowed as to the personal property.    Moreover, the application now before us provides that the war-

ranties therein shall be "the same as if written on the face of the policy," which indicates an intention that they should have the same effect only.

Upon the trial evidence was given by the defendant tending to show that for more than twenty years the plaintiff had resided on a farm belonging to his wife, situated about one mile from the farm in question. He worked it for his wife while they lived thereon and after moving to a neighboring village he managed it for her, making the contracts with tenants who worked it on shares and settling with them. The defendant called several witnesses to show that, in 1892, two stacks of clover on the farm of the plaintiff's wife while so worked, managed or controlled by him, were destroyed by fire; that in 1896 a barn and its contents on the same farm were burned; that in January, 1899, the house upon that farm and, in November of the same year, the barns thereon with the contents were destroyed in the same way. All this property was insured when it was thus burned.

The defendant sought to show by these witnesses that before the policy in question was issued the plaintiff had stated to them that these fires were of incendiary origin, and that some of them were set by enemies of his because of a grudge they had against him on account of certain transactions. The evidence was excluded on the objection of the plaintiff that it was immaterial and incompetent.

The exception to these rulings raised reversible error. As the plaintiff had stated in his application that he had no reason to fear incendiary fires, the defendant had the right to show his declarations that these numerous fires had been caused by his enemies on account of their feeling toward him. While the fires occurred on his wife's premises and destroyed her property only, still if he thought when he made the application that they were kindled by his enemies because they had a grudge against him, it bore on the truth of his statement that he had no reason to "fear incendiarism." Although two of the fires were somewhat remote in time, two of them were comparatively recent and they all occurred on his wife's farm which

he controlled and which was near his own. His admission that they were owing to the crimes of incendiaries, committed out of malice toward him, would have authorized the jury to find a breach of the warranty to the effect that he had no reason to fear a repetition of those crimes with reference to the property upon which he sought insurance. The moral hazard, to which insurers properly give much heed, was materially increased by the danger that his enemies would destroy his property as they had previously destroyed that of his wife and for the same reason. Even if the fact covered by the warranty had not been material to the risk, as he warranted it to be true, the policy was void unless it was true. This warranty applied with equal force to every part of the contract, regardless of the separate valuations, for it necessarily affected real and personal property in the same way. He agreed that his answer to a certain question should be a warranty and he was bound by his agreement, even if the fact called for did not increase the hazard. A representation is collateral to the contract and to be effective must be material to the risk, but a warranty, whether material or not, being part of the contract, has the force of a condition precedent and, unless it is true, the insurer is not bound by his promise. As the plaintiff expressly warranted that his answer as to fear of incendiarism was true, while the evidence excluded would have tended to show that it was not true, the defendant was prevented from establishing a defense duly set forth in the answer. This error requires a reversal and a new trial.

The judgment should be reversed and a new trial granted; costs to abide the event.

Cullen, Ch. J., Gray, Edward T. Bartlett, Haight, Willard Bartlett and Chase, JJ., concur.

Judgment reversed, etc.