## WELLS v. GLENS FALLS INS. CO.

(Supreme Court, Appellate Division, Third Department. January 9, 1907.)

INSURANCE—ACTION ON POLICY—EVIDENCE—ADMISSIBILITY.

    In an action on a fire policy, where the defense was that the insured had falsely represented in her application that she had no reason to fear incendiarism, evidence of what the insured's husband said to her, shortly before the insurance was taken out, with reference to fires which had been set on the farm by a particular individual, and that a witness had talked with plaintiff about fires from time to time in the last 20 years, was admissible.

    [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, § 1683.]

Appeal from Trial Term, St. Lawrence County.

Action by Margaret Wells against the Glens Falls Insurance Company. From a judgment in favor of plaintiff, defendant appeals. Reversed, and new trial granted.

Argued before SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Malby & Lucey (D. B. Lucey, of counsel), for appellant. ·
Willis J. Fletcher (Ledyard P. Hale, of counsel), for respondent.

COCHRANE, J. This is an action on a policy of fire insurance, issued by the defendant May 21, 1902, covering a barn on plaintiff's farm in the town of Norfolk, St. Lawrence county, N. Y. The barn was destroyed by fire October 20, 1903. The defense is a breach of warranty in respect to representations concerning the subject-matter of the insurance, made by plaintiff in her application therefor.

Plaintiff has owned the farm since the year 1880. Before that, and before her marriage, her husband resided thereon. All the time it was owned by his wife, down to the time of the insurance in question, he managed the farm for her as her agent. As such agent he made application for such insurance. He gave to the defendant's agent the information on which the policy was issued. From such information the latter wrote the answers to the questions in the blank form of the application used by the defendant. Such application, when thus filled out, was taken to the plaintiff by her husband, signed by her, and re-

turned by mail to the defendant's agent. One of the questions contained in this application was, "Have you any reason to fear incendiarism?" It was answered negatively by the plaintiff.

The defendant was not permitted to show at the trial what the plaintiff's husband said to her, shortly before this insurance, with reference to fires which had been set on the farm by a particular individual, who was named, nor to show by another witness that he had talked with plaintiff about fires from time to time in the last 20 years. It is impossible to tell to what this excluded testimony would have led. After the court had sustained objections to it, the defendant was not required to persist in offering other testimony of the same kind. The orderly and seemly conduct of the trial required the defendant to desist, once the court had clearly indicated that such testimony was inadmissible. While the excluded testimony might not have been conclusive, or even important, no such assumption can be made. It should have been admitted, that its importance might have received due consideration.

Whether the plaintiff had reason to fear incendiarism was a material inquiry. If she had reason for such fear, she had falsely answered an important question, had given the defendant inaccurate information, and her policy was unenforceable. The excluded testimony bore vitally on this issue, and such exclusion constitutes reversible error. Donley v. Glens Falls Insurance Company, 184 N. Y. 107, 76 N. E. 914.

The judgment must be reversed, and a new trial granted, with costs to the appellant to abide the event. All concur.