MICHAEL PALMA and NUZZIA PALMA, Respondents, *v.* NATIONAL FIRE INSURANCE COMPANY OF HARTFORD, Appellant, Impleaded with GENESEE RIVER NATIONAL BANK AND TRUST COMPANY OF MT. MORRIS, NEW YORK, Defendant.

Fourth Department, December 23, 1935.

*Castle & Fitch,* for the appellant.

*James O. Moore,* for the respondents.

CROSBY, J. This case was first decided by us under the same title in 240 Appellate Division, 454. Upon reargument we adhere to our decision that for the reasons stated in our former opinion the policy is void at least in so far as it relates to the insurance on the real property. At this time an interesting question arises under that clause of the policy which reads as follows:

" This entire policy shall be void, unless otherwise provided by agreement in writing added hereto,

" (a) if the interest of the insured be other than unconditional and sole ownership."

When the matter was before us on the former occasion it was not suggested, either by oral argument or by brief, that the policy might be divisible and that a recovery might be had for the loss to personal property, even though the policy was void as to the real estate.

To be sure the above-quoted paragraph says that " this *entire* policy shall be void," etc. But our attention is now called for the first time to the case of *Donley* v. *Glens Falls Ins. Co.* (184 N. Y. 107), where it is said, " where, by the same policy, different classes of property, each separately valued, are insured for distinct amounts, even if the premium for the aggregate amount is paid in gross, the contract is severable and a breach of warranty as to one subject of insurance only does not affect the policy as to the others, unless it clearly appears that such was the intention."

And we think that it does not " clearly appear," to use the language of the opinion of the Court of Appeals, that the parties intended the insurance on the personal property to become void, in case of an innocent fire, merely because it turned out that the named insured was not the sole and unconditional owner of the real estate.

That makes it necessary for us now to decide whether the plaintiffs were innocent of purposely causing the fire. In our former opinion we said that the circumstances surrounding the fire were such as to cause suspicion, and that is true, but upon a close re-examination of the record we think the finding of the trial court that it was an honest fire, is not so clearly against the weight of the evidence as to justify a reversal of the judgment in so far as it relates to the personal property loss.

The judgment should be modified on the law and the facts by reducing the recovery to the sum of $2,000, and interest, the amount of the loss upon the personal property, and the complaint, so far as it relates to the loss upon the real estate, should be dismissed, without costs.

Certain findings of fact should be disapproved and reversed and new findings made.

All concur, SEARS, P. J., in result as to the matters included in the original opinion. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

On reargument judgment modified on the law and facts by reducing the recovery to the sum of $2,000, with interest, the amount of the loss on the personal property, and dismissing the complaint so far as it relates to the loss on the real estate, and as so modified affirmed, without costs. Certain findings of fact disapproved and reversed and new findings made.