**LEVINE v. AETNA INS. CO.**

**No. 119.**

Circuit Court of Appeals, Second Circuit.

Dec. 6, 1943.

Feltenstein & Rosenstein, of New York City (Sidney J. Feltenstein, of New York City, of counsel), for plaintiff-appellant.

Duncan & Mount, of New York City (Frank A. Bull, of New York City, of counsel), for defendant-appellee.

Before AUGUSTUS N. HAND, CHASE, and CLARK, Circuit Judges.

PER CURIAM.

The defendant insured Sandy and La-Grou under its marine policy covering protection and indemnity risks on a motorboat on which the plaintiff's intestate was a passenger for hire at the time of an accident which occurred on Lake Owasco, Cayuga County, New York, and resulted in decedent's death from drowning. The plaintiff, as administrator, recovered a judgment against Sandy and LaGrou in the sum of $7,735.70, and upon being unable to satisfy it brought this action against the insurance company, which the defendant resisted on the ground that the assured, who owned the motor-boat, were guilty of breaches of the following express warranties contained in the policy:

"Warranted all vessels be equipped with search lights."

"Warranted in charge of a competent operator at all times when operated."

"Warranted that the assured has complied with all Federal Regulations pertaining to the carrying of passengers for hire."

The trial judge submitted to the jury the following two questions as to which it was to render a special verdict:

(1) Do you find from the evidence that the operator of this boat was competent?

(2) Did the fact that the motor-boat was not equipped with a searchlight or spotlight at the time of the accident in any way contribute to the accident?

The jury answered the first question in the affirmative and the second in the negative. Thereupon the defendant's counsel moved to set aside the verdict and for a direction of a general verdict in its favor. The court set aside the special verdict in answer to the second question because the motor-boat, in violation of the covenant of warranty, was allowed to proceed without a searchlight on the trip during which the accident occurred, and directed a general verdict for the defendant, on which judgment for the latter was entered. We think it clear that the judgment was proper and should be affirmed.

The motor-boat "You're Right" started on her last voyage without the searchlight, which had been on board on the prior trip. This was because it had been knocked loose and was thereafter disconnected by

the pilot and given to one of the owners who placed it in a building on shore. To proceed on the trip without a searchlight was a breach of warranty and in itself discharged the Aetna Insurance Company from liability irrespective of whether any causal relation existed between the absence of the light and the happening of the particular accident. It was no excuse for neglecting to comply with the condition under which liability upon the policy would arise that the owners of the motorboat had originally equipped the vessel with a searchlight. To comply with the condition they should have had the searchlight on board and available at the time when they undertook the night trip on which the accident occurred.

■ We should add nothing to the careful opinion of Judge Abruzzo were it not for the fact that special questions were unnecessarily left to be answered by the jury upon a record in which it conclusively appears that there was a warranty that the vessel should be equipped with a searchlight and that the assured were guilty of a breach of that warranty. Under the circumstances, it would make no difference whether the failure to comply with the warranty contributed to the accident or not. Compliance with the warranty was a condition precedent to liability and afforded a complete defense irrespective of any question of causation. Gaines v. Fidelity & Casualty Co., 188 N.Y. 411, 415, 81 N.E. 169, 11 Ann.Cas. 71; Donley v. Glens Falls Ins. Co., 184 N.Y. 107, 113, 76 N.E. 914; Cogswell v. Chubb, 1 App. Div. 93, 96, 36 N.Y.S. 1076, affirmed 157 N.Y. 709, 53 N.E. 1124; Cary v. Home Ins. Co., 199 App.Div. 122, 191 N.Y.S. 529; Henjes v. Ætna Ins. Co., 2 Cir., 132 F.2d 715; 718; Shamrock Towing Co. v. American Ins. Co., 2 Cir., 9 F.2d 57, 60; Snyder v. Home Ins. Co., D.C., 133 F. 848, affirmed 2 Cir., 148 F. 1021.

■ The provisions of Section 150, Subdivision 2, of the New York Insurance Law, Consol. Laws, c. 28, that: "No breach of warranty shall avoid an insurance contract or defeat recovery thereunder unless such breach materially increased the risk of loss, damage or injury within the coverage of the contract", in no way affected the liability of the appellant. The policy upon which this action was brought was a marine policy and for that reason was excepted from the provisions of Section 150, Subdivision 2, by Subsection 3, which reads as follows: "3. Nothing contained in this section shall affect the express or implied warranties under a contract of marine insurance in respect to, appertaining to or in connection with any and all risks or perils of navigation, transit, or transportation, including war risks, on, over or under any seas or inland waters, nor shall it affect any provision in an insurance contract requiring notice, proof or other conduct of the insured after the occurrence of loss, damage or injury."

Inasmuch as the warranty that the vessel was equipped with a searchlight was a condition of liability under the marine policy, the action must fail. But there would be no liability on the part of the insurance company under Subdivision 2 of Section 150 even if the policy had not been marine; for, while the obstruction in Lake Owasco which caused the sinking of the motor-boat and the drowning was under water and hence would not have been seen by a searchlight, yet even though the absence of a searchlight might not have contributed to the particular accident there can be no doubt that a searchlight would have been a safeguard against running aground and an aid to the navigator of the vessel in ascertaining his bearings, and its absence materially increased the risks of the insurer.

In view of the clear breach of the warranty as to a searchlight, it is unnecessary to discuss the other warranties which the defendant claims to have been broken.

For the foregoing reasons the judgment is affirmed.