George A. Arkwright, J.
On the night of May 30-31, 1962, the wooden tugboat Muriel N., moored alongside a pier at the foot of Kane Street, Brooklyn, New York, was destroyed by fire. There was no one aboard at the time except one, Alben Dahlberg, the stepson of Sivert J. Kron, the tug’s owner. Kron, at about 4:00 to 5:00 p.m. on the 30th of May, had been aboard the tug with Dahlberg and another. The three left at that time, Kron with Dahlberg, going to his living quarters on the barge Kosnac 4, tied up near the tug. Dahlberg left about 6:00 p.m. He later went aboard the tug. Kron turned in about 10:00 p.m. aboard the Kosnac 4.
Alongside the tug was another boat, the Margaret Keogh-, and nearby, alongside each other, the barges Kosnac 4 and Kosnac 1; also a houseboat; and the tugboat Mariner. All were afloat.
A fire occurred. The Fire Department records show that the department received a first alarm at 1:33 a.m., and a second alarm at 1:44 a.m., on May 31. Kron, according to information he gave a Fire Marshal that night, was awakened by the noise of an explosion. His boat was afire. The firemen were arriving.
The fire was extensive and not only involved the tug but a railroad crib and the Margaret Keogh. It lasted two hours. Muriel N was completely aflame from stem to stern. She was badly damaged, as a result of which she sank at the pier. She was raised by derrick nine days later and was towed to Black *468 Tom, New Jersey, across the harbor, where after a few days she sank again. She was again raised.
Kron had a fire and lightning insurance policy on the tug issued by the defendant insurance company, which was then in effect. It is a fair inference from the testimony and the policy that the policy was made and delivered in New York State. It insured the plaintiff for $75,000. The loss far exceeded that sum.
There was a warranty clause in the policy reading as follows: “ Warranted by the assured that gasoline or explosives shall not be kept or used aboard the vessel insured hereunder unless permission is endorsed hereon.” It is conceded that there was no such permission indorsed on the policy nor was any permission given.
The plaintiff seeks to collect the $75,000 loss referred to in the policy. The insurance company refuses to pay, claiming that the loss was due to violations of the warranty.
In the afternoon preceding the fire Kron, assisted by Dahlberg, was engaged in removing paint from the Muriel N by burning and scraping it off with the use of a blowtorch. Gasoline was used in the torch. The plaintiff had also stored aboard the tug at the time of the fire a five-gallon can with about a gallon and a half of gasoline in it.
Experts for both parties who had examined the Muriel N after the fire, both at the Brooklyn Pier and at Black Tom, New Jersey, both while she was sunk and after she was raised, testified as to evidence or lack of evidence of explosives. The court finds that, from the proof as to the raised planking on the boat, the deck distortion, the missing of portions of rails on the boat and from the opinions of defendant’s experts, there was an explosion aboard the Muriel N, followed by fire, resulting from the ignition of a volatile, inflammable product; i.e., gasoline or some other explosive.
The warranty was therefore breached by the plaintiff by keeping or using gasoline and/or some other explosive aboard the vessel.
This policy of insurance is a marine policy. It is not a statutory New York fire insurance policy and need not be (Insurance Law, § 46, subd. 20, par. [a]; Woods Patchogue Corp. v. Franklin Nat. Ins. Co. of N. Y., 5 N Y 2d 479). The rule in regard to the breach of warranties is stricter as applied to a marine policy of fire insurance than to an ordinary policy of fire insurance (Blair v. National Security Ins. Co., 126 F. 2d 955).
The “literal performance” rule requires strict compliance with the warranty in order to permit recovery by the plaintiff (Cary v. Home Ins. Co., 199 App. Div. 122; First Nat. Bank of *469 Ballston Spa. v. Insurance Co. of North America, 50 N. Y. 45; Ripley v. Ætna Ins. Co., 30 N. Y. 136).
Compliance with the warranty was a condition precedent to the defendant’s liability on the policy. A breach of warranty is a complete defense to the action irrespective of whether such breach contributed to the accident (Henjes v. Ætna Ins. Co., 132 F. 2d 715; Levine v. Ætna Ins. Co., 139 F. 2d 217, and the numerous cases set forth therein).
At the conclusion of the entire case, therefore, judgment is granted in favor of the defendant and the complaint is dismissed.