■ SILVERT J. KRON, Appellant, v. HANOVER FIRE INSURANCE COMPANY, Respondent.— In an action upon a policy of insurance on a tugboat, plaintiff appeals from a judgment of the Supreme Court, Kings County, in defendant's favor, entered September 12, 1963 after a nonjury trial, upon the decision and opinion of the court. Judgment affirmed, with costs. In support of the judgment additional findings are made as indicated herein; and any findings of the trial court which may be inconsistent with such additional findings are reversed. The policy sued upon insured plaintiff's tug against "DIRECT LOSS AND DAMAGE BY FIRE AND/OR LIGHTNING, including General Average and Salvage Charges when caused by or arising therefrom and for which the vessel insured hereunder shall be legally liable". The vessel was destroyed by fire in the early morning of May 31, 1962 while moored at a pier. Defendant disclaimed liability on the ground that plaintiff had breached the warranty "by the assured that gasoline or explosives shall not be kept or used on board the vessel insured hereunder unless permission is endorsed hereon." The trial court found, on sufficient proof, that prior to the day of the fire the plaintiff and his stepson had been engaged in removing paint from the vessel by burning it off with a gasoline-fueled blowtorch; that at the time of the fire a five-gallon can with about a gallon and a half of gasoline in it was stored aboard the tug; and that there had been an explosion on the tug, followed by fire, resulting from the ignition of a volatile, inflammable product. The court also held that the policy was a marine policy; that the "literal performance" rule applicable to such policies required strict compliance with the warranty in order to permit recovery; that plaintiff had breached the warranty; and that such breach was a complete defense to the action irrespective of whether the breach contributed to the accident. It is our opinion that the policy is a "contract of marine insurance" within the purview of subdivision 3 of section 150 of the Insurance Law; that the "literal performance" rule was therefore properly applied (cf. Jarvis Towing & Transp. Corp. v. Ætna Ins. Co., 298 N. Y. 280; Levine v. Ætna Ins. Co., 139 F. 2d 217); and that plaintiff breached the warranty, thereby precluding any recovery under the policy. If it be assumed that the provisions of subdivision 2 of section 150

of the Insurance Law are applicable to the instant policy, we are also of the opinion that the presence of the gasoline "materially increased the risk of loss, damage or injury" within the meaning of that subdivision (cf. *Levine v. Ætna Ins. Co., supra*). This court makes the following additional findings: (1) the blowtorch was used by plaintiff and his stepson on May 29, 1962; (2) the explosion, followed by fire resulted from the ignition of gasoline vapor; and (3) the presence of gasoline on board the vessel materially increased the risk of fire. Kleinfeld, Acting P. J., Christ, Brennan, Rabin and Hopkins, JJ., concur. [40 Misc 2d 467.]