29 N.Y.2d 297 (1971)
First Savings and Loan Association of Jersey City, N. J., Appellant,
v.
American Home Assurance Company, Respondent.
Court of Appeals of the State of New York.
Submitted October 19, 1971.
Decided November 24, 1971.
Jerome F. Katz for appellant.
Saul Goldstein and Max J. Gwertzman for respondent.
Chief Judge FULD and Judges BURKE, BERGAN, BREITEL and GIBSON concur with Judge JASEN; Judge SCILEPPI dissents and votes to reverse in a separate opinion.
*298 JASEN, J.
The plaintiff, First Savings and Loan Association of Jersey City, New Jersey, holds a mortgage upon certain premises covered by an insurance policy issued by the defendant, American Home Assurance Company, and asserts its right to insurance proceeds by virtue of the standard mortgagee clause contained in the policy. The owner of the premises procured an insurance policy, D7539681, from the defendant insurance company in the amount of $7,000 and paid the premium of *299 $140 for a one-year term commencing on July 19, 1968. Effective October 21, 1968, an endorsement was added to the policy reciting, "This endorsement [is] attached to and forming part of policy numbered below * * * D7539681 * * * In consideration of an additional premium of $119. it is hereby understood and agreed that insurance is increased from $7,000 to $15,000." There is no dispute that the additional premium was never paid and that a written notice of cancellation, dated February 14, 1969, to be effective February 25, 1969, was mailed by the insurance company and duly received by the mortgagee. The cancellation notice stated: "Cancelled for Non-payment of Premium * * * the policy designated below and issued to you, is cancelled * * * D7539681".
A fire occurred on March 13, 1969, causing damage to the premises in the sum of $9,335. Plaintiff instituted this action to recover the sum of $2,563, representing defendant's pro rata share of the original insurance coverage ($7,000) on the premises.[*]
The sole issue presented on this appeal is whether the insurance policy in question was a divisible contract. Put another way, did the February 14, 1969 notice of cancellation affect the entire coverage under the policy, or did it apply, in effect, only to the increased coverage added by the endorsement to the original policy.
We conclude that the policy of insurance in question was not a severable contract and the cancellation of said policy, prior to the loss, terminated the entire contract of insurance. "No formula has been devised which furnishes a test for determining in all cases what contracts of insurance are severable and what are entire. Fundamentally and primarily, the question of divisibility or severability rests upon the question of intention of the parties deducible from the stipulations of the contract and the rules of construction governing the ascertainment of that intention. As a general rule, a contract is entire when by its terms, nature, and purpose, it contemplates and intends that each and all of its parts and the consideration therefor shall be common each to the other and interdependent. On the other *300 hand, the contract is considered severable and divisible when by its terms, nature, and purpose, it is susceptible of division and apportionment. [Footnotes omitted.]" (29 N. Y. Jur., Insurance, § 643.)
Williston, referring to divisible contracts, states that: "`A contract is divisible where by its terms, 1, performance of each party is divided into two or more parts, and, 2, the number of parts due from each party is the same, and, 3, the performance of each part by one party is the agreed exchange for a corresponding part by the other party.'" (6 Williston, Contracts [3d ed.], § 860, at pp. 253-254.)
Applying these principles, we conclude that the October 21, 1968 endorsement became, as it specifically provided, part of the original insurance contract. (17 Couch, Insurance [2d ed.], § 65.1 et seq.; Metzger v. Aetna Ins. Co., 229 App. Div. 2, 6; Rhine v. New York Life Ins. Co., 273 N.Y. 1, at pp. 15-16.) The endorsement increased the amount of coverage for the same property and the same risk, namely: damages sustained to the insured premises by fire. Upon the effective date of the endorsement, the insurance company became liable, in the event of a fire, for the full amount of $15,000, even though the additional premium of $119 was not remitted. This added coverage and liability thereunder continued to be in full force and effect for more than four months, ceasing only upon notice of termination for nonpayment of premium. In addition, the cancellation notice specifically referred to policy D7539681 in its entirety. Certainly, under such circumstances, it cannot be said the contract was divisible. (Ming v. Corbin, 142 N.Y. 334, at pp. 340-341.) The result, of course, would be different if the subsequently added endorsement to the policy extended the scope of the coverage to include a different type of insurance risk than that covered by the original policy. (Rosenthal v. Security Mut. Ins. Co. of N. Y., 28 N Y 2d 697; Donley v. Glens Falls Ins. Co., 184 N.Y. 107, 111; Schuster v. Dutchess County Ins. Co., 102 N.Y. 260.)
Moreover, plaintiff, a large banking institution familiar with insurance procedures, should not have been misled by the truthful recital that the cancellation was for nonpayment of premium, since the notice of cancellation, as stated before, specifically referred to the insurance policy in its entirety. In any event, *301 the recital was prior to the amendment of section 167-b of the Insurance Law, effective September 1, 1969, which requires the insurer to state a reason for cancellation in its notice. "[W]hen no reason for cancellation is required, the stating of a reason by the insurer is a matter for information only and is to be ignored if wrong or unwarranted." (17 Couch, Insurance [2d ed.], § 67:70.)
Accordingly, the order of the Appellate Division should be affirmed.
SCILEPPI, J. (dissenting).
I cannot agree that appellant is not entitled to its pro rata share of $2,563, payable on the original coverage of $7,000.
In my view, the fact that the insured had increased its insurance coverage to $15,000 by adding an $8,000 rider to the original $7,000 policy, and then failed to pay the premium for the additional coverage, did not justify the cancellation of the entire policy for nonpayment of premiums. The original $7,000 policy and the $8,000 rider must be deemed separate and divisible. No new policy was issued when the insured sought increased protection; instead, respondent merely provided an endorsement and clearly indicated that an additional premium of $119 was required as a separate and distinct charge for additional and more comprehensive extended coverage after the issuance of the original policy. This was again recognized when respondent tendered its notice of cancellation. Although section 167-b of the Insurance Law, which requires that the insurer give the insured its reason for cancellation, was not in effect at the time, respondent chose to state that its cancellation was motivated by nothing more than the failure to pay the additional premium. Contrary to the views expressed by the majority in this court and in the Appellate Division, this statement is entitled to great weight in the resolution of the litigation before us. Since respondent had received and accepted the premium for the original policy, it could not cancel that coverage for that reason. It had already been paid. Consequently, the effect of the cancellation should be limited to the additional coverage which had been sought, but not paid for. A different conclusion is unwarranted and unjust where, as here, respondent has been paid in full for the initial coverage. To allow respondent to cancel the entire policy "would be tantamount to a forfeiture, a result *302 which the law abhors (Zivitz v. Maryland Cas. Co., 192 App. Div. 83; Press Pub. Co. v. General Acc. Fire & Life Assur. Corp. of Perth, Scotland, 160 App. Div. 537, affd. 217 N.Y. 648), particularly when it is remembered that in construing the terms of an insurance policy it will be given that construction which is most favorable to the insured (Matter of Vanguard Ins. Co. [Polchlopek], 18 N Y 2d 376; Matter of Askey [General Acc. Fire & Life Assur. Corp.], 30 A D 2d 632)." (Matter of Nationwide Mut. Ins. Co. [Mason], 37 A D 2d 15, 20; see, also, Rosenthal v. Security Mut. Ins. Co. of N. Y., 28 N Y 2d 697, affg. 33 A D 2d 1041). Surely, if instead of endorsing the original policy, a separate policy for $8,000 had been issued, the failure to pay the premium on this additional policy would not affect the coverage under the original policy. The fact that the policy was increased by $8,000 under an endorsement, should not, in my opinion, require a different result.
Accordingly, the order appealed from should be reversed and appellant's motion for summary judgment granted.
Order affirmed, with costs.
NOTES
[*] In addition to the insurance policy in question, two additional policies with other insurance companies, covering the same risk, were also in effect at the time of the loss.