OPINION OF THE COURT
Loren N. Brown, J.
The plaintiff moves for an order granting leave to serve an *1034 amended summons and complaint adding three defendants and granting judgment against defendant Occidental Fire and Casualty Company of North Carolina (Occidental) finding that an attempted cancellation of a policy issued by Occidental to plaintiff was not effective as to a fire loss occurring on July 25, 1985. Occidental cross-moves for an order dismissing the plaintiff’s complaint and the cross claims of Occidental’s codefendants on the grounds that there are no triable issues of fact.
This litigation has its genesis in the purported cancellation of an insurance policy covering a business called the Steel Pier Cafe. The policy was separated into two sections or categories. Section I covered personal property in the amount of $30,000 with a $250 deductible. Section II covered bodily injury and property damage liability in the amount of $300,000 per occurrence. Additional coverage in section II included products liability and liquor law liability. Notice of cancellation was sent to the plaintiff on July 18, 1985. On July 25, 1985, the business was severely damaged by fire. Based upon the attempted cancellation, Occidental denies coverage. The plaintiff has commenced this action to recover on the insurance contract. Occidental’s codefendants have also been sued on the theory of negligence in permitting the coverage to be canceled without securing replacement coverage. Occidental’s codefendants have cross-claimed against Occidental and each other.
Addressing the issue of Occidental’s purported liability, the central issue is whether the notice of cancellation terminated the contract of insurance. In arguing that no effective termination occurred, plaintiff and Occidental’s codefendants rely on Insurance Law § 3427, which provides:
"Product liability insurance, termination
"(a) An insurer, not otherwise prohibited by law, shall not, except for nonpayment of premium, cancel or non-renew product liability insurance written either as a separate policy or as a component of a policy unless written notice of such cancellation or nonrenewal is mailed or delivered to the insured at the address shown in the policy at least forty-five days prior to the effective date of cancellation or nonrenewal.”
The plaintiff and Occidental’s cross-claiming defendants, pointing to the component of the policy covering product liability, contend that cancellation of the entire policy could *1035 only be effective upon 45 days’ notice. Conversely, Occidental contends that, though the component covering product liability requires 45 days’ notice, the remainder of the policy was severable from the products liability provision, and could be canceled in the time period provided in the insurance contract. Without dispute the attempted cancellation complied with the provisions of the contract.
The court finds that Occidental’s motion for summary judgment should be granted. It is the law in this jurisdiction "that where, by the same policy, different classes of property, each separately valued, are insured for distinct amounts, even if the premium for the aggregate amount is paid in gross, the contract is severable * * * (Knowles v. American Ins. Co., 66 Hun, 220; 142 N. Y. 641; Pratt v. Dwelling House Mutual Fire Ins. Co., 130 N. Y. 206, 221; Schuster v. Dutchess Co. Ins. Co., 102 N. Y. 260; Herrman v. Adriatic Fire Ins. Co., 85 N. Y. 162; Merrill v. Agricultural Ins. Co., 73 N. Y. 452; Deidericks v. Commercial Ins. Co., 10 Johns. 233; Trench v. Chenango Co. Mutual Ins. Co., 7 Hill, 122.)”. (Donley v Glens Falls Ins. Co., 184 NY 107, 111.) In this case, the property damage provisions relied upon by the plaintiff were separate from the products liability component in both classification and amount of coverage provided. Under the holding of Donley (supra), the product liability aspect of the contract was severable, and though the cancellation did not effect it because of Insurance Law § 3427, the remaining components were effectively canceled.
Donley (supra) aside, the court cannot accept the plaintiff’s construction of Insurance Law § 3427. A reading of the section shows that it was enacted to afford the public additional protection from damage caused by consumer products. The Legislature did not intend that that protection be afforded to the insured in its contractual dealings with its insurer merely because one component of a multifaceted insurance contract happened to contain a products liability provision. The most reasoned interpretation of the section is that the 45-day period applies only to that component of the insurance contract which covers product liability.
Accordingly, the relief requested by Occidental is granted. The plaintiffs motion to amend his summons and complaint is granted. The form of the amended complaint should, of course, reflect that Occidental is no longer a party to this action.